# Otterson *versus* Gallagher.

1. In proceedings to distribute an estate. the Orphans' Court has jurisdiction to inquire into and determine all questions in the way of distribution affecting creditors or assignees of legatees, and parties who submit themselves to its decree are concluded thereby.

2. While an assignee of a legatee is not compelled to go into the Orphans' Court with his claim, yet if he submit it to that tribunal, its decree, unappealed from, is final, and he cannot afterwards proceed upon an attachment in the Common Pleas.

| 88 | 355 |
| 27 SC | 1502 |
| 88 | 355 |
| 28 SC | 1146 |

January 15th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas, No. 2, of *Philadelphia county*: Of January Term 1878, No. 158.

Attachment execution, in which Anthony J. Gallagher was plaintiff, Samuel S. Norcross, defendant, and James Otterson, Jr., Esq., and Hon. F. Carroll Brewster, executors of E. P. Middleton, deceased, were garnishees.

Edward P. Middleton, by his will, bequeathed to his sister, Mrs. Hannah Norcross, the interest of $10,000, to be paid to her during her lifetime by his executors, and at her death the principal was to be divided among her children who survived her. Mrs. Norcross died April 4th 1877, leaving four children, one of whom is the defendant in this attachment. On the 2d of April 1877, it appeared this son assigned his interest under the will to John Graham. The assignment was formal and full, and was for a consideration of $2000, which Norcross received. Upon the audit of the accounts of the executors in the Orphans' Court, the share of Samuel S. Norcross was claimed by Graham by virtue of this assignment, and by the plaintiff, Gallagher, a judgment-creditor upon whose judgment an attachment had been issued, on April 10th 1877. The Orphans' Court, Hanna, P. J., awarded the share to Graham. Upon the trial of the attachment suit in the Common Pleas, the record of the Orphans' Court was offered in evidence by the garnishees, which the court, Fell, J., rejected. The verdict and judgment being for plaintiff, the garnishees took this writ and assigned this action for error.

*F. E. Brewster, Robert H. Hinckley, Jr., Henry S. Hagert* and *F. Carroll Brewster*, for plaintiffs in error.—The very question raised by the pleadings in the court below was adjudged in the Orphans' Court and between the same parties, thereby bringing this case within the rulings of the court in Duchess of Kingston's Case, 20 How. St. Trials 538, and the plaintiff was estopped from bringing another action. The Orphans' Court is a court of competent jurisdiction and its decision was conclusive: Act of 1832, sect. 37, Purd. Dig. 1106, pl. 18; Dundas's Estate, 23 P. F. Smith 474; Kittera's Estate, 5 Harris 416; McMurray *v.* Davis, 5 W. N. C. 305.

[Otterson *v.* Gallagher.]

*Theodore F. Jenkins,* for defendant in error.—The jurisdiction of the Orphans' Court is fixed by the Act of June 16th 1836. A legacy was not the subject of a foreign attachment until the Act of July 27th 1842, nor of an attachment sur judgment until the Act of April 13th 1843. How, then, can the Orphans' Court obtain jurisdiction of an attachment? There is no Act of Assembly that gives it in express terms, and, it is submitted, that there is no rule of construction whereby a limited jurisdiction is extended to a right subsequently created.

The jurisdiction of the Orphans' Court is statutory: Snyder's Appeal, 12 Casey 166. Consent will not give jurisdiction: Williard's Appeal, 15 P. F. Smith 265; Livingston's Appeal, *ante,* 209.

The Act of 1832 does not include an attaching creditor: Kittera's Estate, *supra;* Hammett's Appeal, 2 Norris 392; Gochenaur *v.* Hostetter, 6 Harris 414; Chambers *v.* Baugh, 2 Casey 105.

Mr. Justice PAXSON delivered the opinion of the court, March 3d 1879.

This record presents but a single question. The plaintiffs in error were the garnishees below in an attachment sur judgment, in which A. J. Gallagher, the defendant in error, was plaintiff, and one Samuel S. Norcross defendant. The subject of the attachment was a legacy in the hands of the garnishees, as executors of the last will and testament of Edward P. Middleton, deceased. Upon the trial of the attachment the garnishees offered in evidence the record of the Orphans' Court, showing the settlement of their accounts as executors, and the adjudications by that court of the question of the right of the attaching creditors to the legacy. The court below excluded the record, and this ruling is assigned for error.

An examination of said record shows that the defendant in error appeared by his counsel before the auditing judge of the Orphans' Court, as an attaching creditor of Samuel S. Norcross, a distributee of a portion of the fund in the hands of accountants; that "the sole question before the court was as to who was entitled to the distributive share of Samuel S. Norcross in the legacy which formed the corpus of the trust estate." On the one hand it was claimed by John Graham, who alleged that he was the bona fide purchaser for value of the interest and share, and on the other hand it was claimed that the amount of the share of Norcross should be directed to remain in the hands of the accountant to await the final determination of certain attachments sur judgments issued by creditors of Norcross against the accountants as garnishees.

The court proceeded to hear the case, the counsel for the defendant in error being present and participating in the examination of the witnesses, and finally decided it adversely to the attaching creditors, upon the ground that the legacy to Norcross had been bona fide assigned prior to the attachments. A formal decree was

[Otterson v. Gallagher.]

entered in the Orphans' Court, awarding the legacy to Graham, the assignee of Norcross, from which decree no appeal has ever been taken by the defendant in error. It is therefore a conclusive adjudication so far as the plaintiffs in error are concerned, that they have in their hands, as executors, a certain sum of money belonging to John Graham. Being mere stakeholders, they had no appeal from a decree of distribution. Was the decree of the Orphans' Court binding upon the attaching creditors? If not, the plaintiffs in error are in the awkward predicament of having two judgments against them for the same matter, in two courts, each of competent jurisdiction. There must be error somewhere to produce such a result.

We do not think it necessary to discuss at length the powers and jurisdiction of the Orphans' Court. The whole subject has been gone over so recently as Lippincott's Appeal, in Dundas's Estate, 23 P. F. Smith 474. Most of the cases, as well as Acts of Assembly, bearing upon this branch of the law, will be found there cited, either in the opinion of the court or the arguments of counsel. It was said by the learned judge, in delivering the opinion of the court: '"It is very clear, therefore, that the Orphans' Court in a proceeding to distribute an estate among legatees, next of kin and heirs, has ample power to inquire into and determine all questions standing directly in the way of a distribution to these parties." This was but a repetition of the doctrine previously announced in Whiteside v. Whiteside, 8 Harris 473; Shollenberger's Appeal, 9 Harris 341; Ashford v. Ewing, 1 Casey 213; Black v. Black, 10 Id. 354; Kittera's Estate, 5 Harris 416; Bull's Appeal, 12 Id. 286. In Dundas's Estate, a residuary legatee, before the value of his share had been ascertained, assigned it to the wife of an executor for a sum much less than it was ascertained to have been worth. He petitioned the Orphans' Court to have the share paid over to him, and the assignment thereof set aside on the ground of fraud. In deciding that case this court said, referring to the petition to vacate the assignment: " These facts give jurisdiction to the Orphans' Court to compel distribution by the executors, and payment of the petitioner's share to him. Had the petition set forth nothing more the consequence would have been plain. The executors, to protect themselves, would have set forth the assignment in their answer, and cited the assignee to defend *pro interesse suo*. This would have brought from the petitioner a replication of fraud and deceit in procuring the assignment. The paper thus standing in the way of distribution, there being two claimants to the same legacy or share of it, the jurisdiction of the Orphans' Court necessarily attaches in order to remove the barrier to the payment of the legacy. The language of Judge LEWIS in Kittera's Estate, directly applies, that each one must be heard in support of his claim, and in opposition to every claimant who inter-

[Otterson *v*. Gallagher.]

feres with it, and that the power to decide all questions essential to distribution follows the power to distribute."

In the case in hand the legacy was claimed by the assignee of the legatee. The attaching-creditors claimed it by virtue of their attachments. Under the authorities cited, it is very clear that the Orphans' Court being clothed with the power of distribution, was competent to decide all questions in the way of distribution. The rights of legatees and next of kin, claims of creditors, the validity of assignments of such claims, and questions of priority of lien, are within the recognised powers of the Orphans' Court. In distribution proceedings, it has been decided that the court has authority to determine the title to contesting claimants to the same fund as an incident of the distribution: Souder's Appeal, 7 P. F. Smith 438. The parties to this contention claimed the same fund, the one by an assignment, the other by virtue of his attachment, which is a species of statutory assignment. There can be no doubt of the power of the Orphans' Court to decide between these conflicting claims. We need not discuss the question how far an attaching-creditor is compelled to go into the Orphans' Court with his case. The defendant in error went into that court voluntarily, and submitted his claim to that tribunal. A decree was made against him, from which he took no appeal. We are of opinion that he is concluded thereby, and that the court below erred in excluding the record in that proceeding.

Judgment reversed, and a *venire facias de novo* awarded.