# Meitzner v. Baltimore & Ohio Railroad Company, Appellant:

*Negligence—Railroads—Crossing tracks—Conflicting statements of plaintiff's witness.*

1. In an action against a railroad company for the death of plaintiff's husband killed on railroad .tracks at a crossing, where the plaintiff's case rests largely upon the testimony of the only person who saw the accident from beginning to end, the fact that such witness makes contradictory and wholly irreconcilable statements, does not in itself make the case one for binding instructions for defendant. It is for the jury to decide what credit they will give the witness, and which of his statements, if either, they will accept.

2. In passing upon a motion for nonsuit, where the evidence for the plaintiff is contradictory, it is the duty of the court to allow it the significance most favorable to plaintiff, since for all the court may know, that view may prevail with the jury.

3. In an action to recover damages for the death of a person killed at a crossing which was not a public crossing, laid out or adopted by municipal authority, it appeared that the crossing was on the property of the defendant railroad company, and had been made by it for the convenience of passengers in passing between stations on opposite sides of the tracks. For many years it had been used by the general public as well, not only with the knowledge of the defendant company, but by its encouragement. The deceased was not a passenger. *Held,* that it was proper for the court to charge that if the jury believed the evidence as to the crossing, the deceased was not a trespasser, and that the defendant owed him the same duty that it owed passengers using the crossing.

*Amendment—Practice, C. P.—Name of corporation—Railroad company.*

4. Where in an action of trespass the plaintiff's statement improperly describes the defendant railroad company as a corporation of the state of Pennsylvania, an amendment may be allowed so as to correctly describe it as a corporation of the state of Maryland. In such a case the defendant is in court, and the change brings no new party on the record.

Argued Feb. 9, 1909. Appeal, No. 361, Jan. T., 1908, by defendant, from judgment of C. P. Delaware Co., June T., 1907, No. 277, on verdict for plaintiff in case of Annie L. Meitzner v. Baltimore & Ohio Railroad Company. Before

FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before JOHNSON, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $7,725. Defendant appealed.

*Errors assigned* were various instructions, including refusal of binding instructions for defendant.

*Kingsley Montgomery*, for appellant.—The cases of Carroll v. Penna. R. R. Co., 12 W. N. C. 348; Myers v. Baltimore & Ohio R. R. Co., 150 Pa. 386, and the numerous cases in their wake, are authority for the general proposition that if it is physically impossible for an accident to have happened without negligence on the part of the person injured, such person is not entitled to recover, no matter what his testimony may be.

A person who goes to the railroad station and on the platform, not for the purpose of any business, or to meet expected friends, or to see others depart, but for his own pleasure and convenience is there at his own risk or peril, and cannot recover damages for personal injuries received in consequence of a defective platform: Burbank v. Ill. Central R. R. Co., 11 L. R. A. 720; Redigan v. Boston & Maine R. R. Co., 155 Mass. 44 (28 N. E. Repr. 1133); Gillis v. Penna. R. R. Co., 59 Pa. 129; B. & O. R. R. Co. v. Schwindling, 101 Pa. 258; Heinlein v. R. R. Co., 147 Mass. 136 (16 N. E. Repr. 698); Penna. R. R. Co. v. Martin, 55 L. R. A. 361; Culp v. R. R. Co., 9 Kulp, 174.

The plaintiff's decedent was guilty of contributory negligence in not stopping, looking and listening before he went on the railroad: Kraus v. Penna. R. R. Co., 139 Pa. 272; Hovenden v. Penna. R. R. Co., 180 Pa. 244; Childs v. Penna. R. R. Co., 150 Pa. 73; Custer v. R. R. Co., 19 Pa. Superior Ct. 365.

The plaintiff was permitted to amend her statement of claim under objection and exception of the defendant, and a

plea to the statute of limitations. The amendment was changing the Baltimore & Ohio Railroad Company, a corporation of the state of Pennsylvania, to a corporation of the state of Maryland. The court erred in allowing the amendment: Brittin v. Shloss, 9 W. N. C. 510.

*John M. Broomall,* for appellee.—In a case against a railroad company to recover damages for personal injuries or death at a grade crossing, where there is a disagreement among the witnesses as to whether a bell was rung, the question whether the failure to ring a bell is negligence, is a question for the jury to determine from all the circumstances in the case: Crane v. Penna. R. R. Co., 218 Pa. 560; Laib v. Railroad Co., 180 Pa. 503; Child v. Railroad Co., 150 Pa. 73; Holt v. Penna. R. R. Co., 206 Pa. 356; Bailey v. Railroad Co., 220 Pa. 516.

The testimony of a witness, who being near a crossing, was expressly listening for the train warnings, and heard none is of a higher grade than mere negative testimony of other witnesses, and is sufficient to require the submission of the evidence to the jury: Longenecker v. Railroad Co., 105 Pa. 328; Quigley v. D. & H. Canal Co., 142 Pa. 388.

A mere error in the name of the defendant may be corrected when the real defendant has been served and is before the court even though the statutory period to bring the action has expired: Wright v. Eureka Tempered Copper Co., 206 Pa. 274; Wilkinson v. North East Boro., 215 Pa. 486; Holmes v. Railroad Co., 220 Pa. 189.

OPINION BY MR. JUSTICE STEWART, April 12, 1909.

At the place where this accident occurred the defendant company maintains two tracks, one used for east-bound, the other for west-bound trains. Louis A. Meitzner, the plaintiff's husband, approached the crossing from the north. At that moment a freight train was moving west on the track nearest him. After it had cleared the crossing he attempted to cross over, and was struck and killed by the engine of a passing express train moving east on the south track. If, without waiting for the freight train to move far enough away

to admit of his seeing more of the second track than was immediately in his front, he started forward and was accidentally struck by the engine on the second track moving east, the law would unquestionably refer the accident to his own want of care. On the other hand, if he waited until the freight train had so far proceeded that it no longer obstructed his view of the second track before attempting to cross, he did all that could be reasonably required of him in that regard. Which course does the evidence on the part of plaintiff show that he pursued? If the former, the case called for a nonsuit or binding instructions for the defendant; if the latter, it was for the jury. The peculiarity of the case is that because of the conflicting statements which appear in the testimony of the witness Bishop, who alone had opportunity to see the whole occurrence from beginning to end, and upon whose testimony plaintiff's case must largely rest, this question is left debatable. In one part of his testimony the witness says that Meitzner made no attempt to cross the tracks until the last car of the freight train was from 150 to 200 feet west of where he stood; in another part he says that Meitzner stepped upon the second track just as the engine of the express train was passing the last car of the freight train. The two statements are wholly irreconcilable; but that fact did not make it a case for binding instructions for the defendant. It was for the jury to decide what credit they would give the witness, and which of his statements, if either, they would accept. The result of the trial shows that they credited him as a witness, and accepted his statement that when Meitzner started to cross the freight train had moved from 150 to 200 feet west of the crossing. Whether with this much of the second track in view, while what was beyond was hidden by the moving freight train, he was negligent in attempting to cross when he did; and whether after he committed himself to the act of crossing he exercised due care as he proceeded, are questions which could only be resolved as other contradictory statements of Bishop's were reconciled, or as some of them were allowed to prevail. This witness who saw the occurrence from the opposite side of the tracks, says in one place, that when he first saw the express

train coming from the west it was three-quarters of a mile from the crossing; that it could not then have been seen by Meitzner from where he was then standing on the platform, because of the position of the freight train at that time; that he, the witness, had the approaching train in sight continuously up to the time it met the freight train, and that at this point he saw Meitzner standing between the two tracks and looking in the direction of the advancing train and listening, but that the train was then lost to his view, and Meitzner's as well, because of the dense smoke from the engine of the freight train. If this state of the facts gave rise to an inference of negligence on the part of the plaintiff, the jury only could derive it. In passing upon a motion for nonsuit, where the evidence for plaintiff is contradictory, it is the duty of the court to allow it the significance most favorable to plaintiff, since for all the court can know that view may prevail with the jury.

The crossing where Meitzner was killed was not a public crossing, that is, it had not been laid out or adopted pursuant to municipal authority; it was on the property of the defendant company and made by it for the convenience of passengers in passing between the stations on opposite sides of the tracks. But there was evidence that for many years it had been used by the general public as well, not only with the knowledge of the defendant company, but by its encouragement. The court properly instructed the jury that if they believed this evidence Meitzner was not a trespasser, and that the defendant company owed him the same duty that it owed passengers using the crossing.

In plaintiff's statement the defendant company was described as a corporation of the state of Pennsylvania. An amendment was allowed describing it as a corporation of the state of Maryland. The defendant was in court, and the change brought no new party on the record. The amendment was properly allowed: Wright v. Copper Co., 206 Pa. 274.

In what we have said the several assignments of error have been considered. They are overruled and the judgment is affirmed.