# Fitzgerald's Estate (No. 1).

*Decedents' estates—Claims for personal injury—Judgments recovered in Common Pleas Court—Statute of Limitations—Amendments—Misnomer—Correction.*

1. Statutes permitting amendments are liberally construed to give effect to their intent to prevent a defeat of justice through mere mistakes as to the parties or form of action. If the proper party is actually in court and the effect of the amendment is to correct the name under which he has been sued, an amendment will be allowed.

2. At the audit of an executor's account a claim was presented evidenced by a judgment recovered in the Common Pleas Court against a publishing company. It appeared that the judgment had been rendered in an action for personal injuries occasioned by a delivery wagon owned by the estate which conducted a newspaper business under the name of a publishing company under the directions of decedent's will; that the publishing company had taken out letters patent but had never completed its corporate organization by recording its charter, that the executor of the estate had taken an active part in the defense and that the attorney for defendant had been paid out of the funds of the estate. The auditing judge rejected the claim on the ground that it was barred by the Statute of Limitations in respect to actions for personal injuries. The Orphans' Court dismissed exceptions to the adjudication. *Held,* that as the executors had appeared and defended the action in the Common Pleas Court, they could not, after the Statute of Limitations had run, be heard to say that they were sued under the wrong name, and the decree was reversed.

Argued Jan. 5, 1916. Appeals, Nos. 284 and 285, Jan. T., 1915, by Henry Tonge and Rae Tonge, from decree of O. C. Philadelphia Co., April T., 1911, No. 443, dismissing exceptions to adjudication, in Estate of Thomas Fitzgerald, Deceased. Before MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ. Reversed.

Exceptions to adjudication. Before GUMMEY, J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions in an opinion by LAMORELLE, J. Henry Tonge and Rae Tonge appealed.

*Errors assigned* were in dismissing the exceptions.

*Joseph R. Embery,* for appellants, cited: Clemmens v. Washington Park Steamboat Co., 171 Fed. Repr. 168.

*F. F. Brightly,* for appellee.

OPINION BY MR. JUSTICE FRAZER, March 13, 1916:

Henry Tonge and wife brought suit against The Item Publishing Company to recover compensation for injuries to Mrs. Tonge caused by a runaway horse attached to an "Item" delivery wagon which had been left standing on the street unattended. The summons was served at the office of "The Item" in the City of Philadelphia and on the person in charge thereof. An appearance was entered by an attorney for The Item Publishing Company, a plea of not guilty filed, and the trial resulted in verdicts for plaintiffs. New trials were granted which again resulted in verdicts for plaintiffs; these verdicts, however, were set aside owing to an irregularity, and at the third trial verdicts were once more rendered in plaintiffs' favor, on which judgment was entered and no appeal taken. At the last, and also at the second trial, the defense was conducted by an attorney acting for the estate of Thomas Fitzgerald. Following the conclusion of the second trial defendant filed an additional plea denying the fact of its incorporation, but this plea, on motion, was stricken off on the ground that the issue raised could be tried under the plea of "not guilty."

The Item Publishing Company received letters patent as a corporation under the Act of April 29, 1874, P. L. 73, but failed to complete its organization by recording the certificate of incorporation in the office for recording deeds in Philadelphia County, where it maintained its place of business. The plant and business of "The Item" were owned entirely by Thomas Fitzgerald, who died in 1891, leaving a will in which he requested the business

of printing and publishing "The Item" be carried on by his three sons, who were named as executors, and the income paid to his children. At the time Mrs. Tonge received her injury the business was being conducted by two of the sons, one having died in 1894. Another died in 1908 and the survivor thereupon assumed full charge of the business. In all three of the trials this executor took an active part in the defense, and the attorney for defendant in the last two trials was paid for his services out of the funds of the estate. Execution was issued against The Item Publishing Company and returned nulla bona, and subsequently a creditor's bill was filed against the subscribers to the stock of the company to enforce collection of unpaid stock subscriptions for the benefit of plaintiffs in the judgment. Owing to the failure to record the charter all subscriptions to the capital stock were cancelled and it was held the subscribers were not liable on their subscriptions and were not estopped from denying the corporate existence of The Item Publishing Company (see Tonge v. Item Publishing Co., 244 Pa. 417), and that an amendment which would change the judgment against The Item Publishing Company to a judgment against individuals, trading under a firm name, or which would convert the creditor's bill into a bill to subject the individual property of the members to liability under the execution on the judgment against the publishing company, could not be allowed, and the bill was dismissed. In that case it was said: "According to the contention of appellants (The Item Publishing Company) the business of publishing "The Item" was carried on solely by the estate of Thomas Fitzgerald, deceased; and if so, it was to that estate that appellees should have looked for damages, instead of to any corporation or partnership. If such was the case, it is possible that the appellees may be able to obtain relief by the presentation of their judgment in the Orphans' Court, which has jurisdiction of the accounts of the executors of that estate. Our decision here

is without prejudice to any right that appellees may have to appeal to that tribunal, to substantiate their claim, if it be possible for them to do so." Pursuant to the suggestion there made, appellants presented their claim against the estate of Thomas Fitzgerald and offered in evidence the judgment and the record in the prior proceedings as proof of the claim and to show it was in reality a claim against the estate of Thomas Fitzgerald, the real debtor, which carried on the business of publishing "The Item" under the trade name of "The Item Publishing Company." The auditing judge rejected the claim on the ground that it was barred by the statute of limitations with respect to actions for personal injuries. The Orphans' Court, on exceptions filed, sustained this action holding they were without jurisdiction in the matter, and suggesting that application be made to the proper Court of Common Pleas to determine the question of liability of the estate. To meet the possible result of the further action to be taken by the Tonges a part of the funds was ordered to be set aside pending such application. From the decree so entered this appeal was taken.

Under the Act of June 16, 1836, P. L. 784, Section 19, the jurisdiction of the Orphans' Court extends to the distribution of estates of decedents "among creditors and others interested." Its powers in this respect extend to the decision of all questions necessary to a proper distribution of the estate within its control: Kittera's Est., 17 Pa. 416; Dundas's App., 73 Pa. 474; Otterson v. Gallagher, 88 Pa. 355; Shollenberger's App., 21 Pa. 337. Under these authorities, if the claim here presented was a debt of the estate there can be no doubt as to the jurisdiction of the Orphans' Court to pass upon and allow its payment, and it therefore follows that the court has jurisdiction to determine in the first place whether or not the claim is a valid debt.

It is admitted that the estate of Thomas Fitzgerald was the real defendant in interest in the action against

The Item Publishing Company and that it employed counsel to defend the proceeding on the merits and actively participated in the three trials. In fact one of the defenses set up at the last trial was that the business of publishing "The Item" was carried on solely by the estate, and no corporation in fact existed and that, therefore, claimants should have looked to the estate for compensation for the injury, instead of proceeding against the supposed corporation, or attempting to hold the incorporators liable as partners. As further evidence of identity and admission of liability, defendant brought an action against the United States Casualty Company, based on the injury to Mrs. Tonge, to recover on a policy of insurance indemnifying The Item Publishing Company against liability for claims of this character, in which action the statement of claim averred plaintiff was engaged in carrying on the business of publishing "The Philadelphia Item," and further set forth the fact of injury and notice thereof as provided in the policy.

It is now contended that to allow appellants' claim against the Fitzgerald estate will in effect, and contrary to the decisions of this court, permit an amendment by substituting new parties after the statute of limitations has run. It is well settled that an amendment which introduces a new cause of action, or brings in a new party, or changes the capacity in which he is sued, will not be permitted after the statute has run: Wright v. Eureka Tempered Copper Co., 206 Pa. 274, 276, and cases cited; Girardi v. Laquin Lumber Co., 232 Pa. 1. On the other hand, however, statutes permitting amendments are liberally construed to give effect to their intent to prevent a defeat of justice through mere mistake as to parties or form of action. Consequently, if the proper party is actually in court and the effect of the amendment is to correct the name under which he has been sued, an amendment will be allowed: Wright v. Eureka Tempered Copper Co., 206 Pa. 274; and if the right party appears and defends on the merits without

objection to the misnomer or the capacity in which he is sued, he should not be permitted to subsequently complain of an amendment which designates him by his proper name or in his proper capacity. The case of Clemmens v. Washington Park Steamboat Company, United States Circuit Court, Eastern District of Pennsylvania, 171 Fed. Repr. 168, is analogous to the one before us. In that case plaintiff's action was for damages for personal injuries. Following an appearance for defendant and a defense on the merits and after judgment, discovery was made that no such corporation existed; whereupon plaintiff sought to amend the record and issue execution against the Gloucester Ferry Company, the real defendant, which adopted and used the name "Washington Park Steamboat Company" in the transaction of part, of its transportation business. In permitting the amendment the court, by McPHERSON, J., said: "I think it would be a discredit to the administration of justice if the true defendant could not be put formally upon the record. The ferry company is proved to be a New Jersey corporation; it voluntarily appeared to the suit by its counsel, who was also a member of its board of directors—for it need hardly be said the steamboat company could not appear, whatever the pretense on the record may have been. It made defense on the merits, and was fully heard, declining to take a writ of error; and only after all this did it interpose the technical defense that the name of the defendant was not the name of a real person. This is not the situation with which some of the decisions are concerned, where a real person has been sued, and, after it has been ascertained that the suit has been erroneously brought, an offer is made to substitute another real person as defendant. Here the right defendant has been sued, has appeared and pleaded, and taken defense on the merits, and the only mistake is that the right defendant was called by a wrong name. But it is the wrong name only in the sense that it is not the defendant's corporate name.

It is, however, the precise name that the ferry company has been using, and using moreover in the very transaction out of which the cause of action arose. I think, therefore, that it may be said with some force that the ferry company is hardly in a position to object to the amendment, since the so-called wrong name was assumed by the ferry company itself, and has been fully recognized by its conduct in the suit. And, still further, it is a case where the real defendant, knowing the mistake and having had abundant opportunity to correct it, has continued to mislead the plaintiff down to the last possible moment. It is a satisfaction to feel confident that the court is not so impotent as to be obliged to allow such conduct to succeed."

In the present case the Fitzgerald estate, the sole owner of the business of The Item Publishing Company, defended against appellants' claim on its merits; sued the Casualty Company to recover the judgment obtained against it; transacted business at all times in the name of The Item Publishing Company, under which it was sued, and made no objection for want of proper party during the trial and until after the statute of limitations had run. Under the circumstances, it would be gross injustice to permit such defense to be raised at this time in order to escape liability.

The facts of the case being undisputed, under the power vested in this court by the Act of June 16, 1836, P. L. 784, to hear and determine on the merits all appeals from the Orphans' Court and decree according to the justice and equity thereof, the decree to the extent that it applies to appellants is reversed and it is directed that the claims of appellants against the Fitzgerald estate be allowed.