## Stine *v.* Herr, Administratrix, Etc., Appellant.

*Amendment—Action in trespass—Judgment—New party—Personal liability of one sued as fiduciary—Statute and limitations.*

A judgment in an action of trespass against a defendant, as administratrix of the estate of a decedent, cannot be amended, more than two years after the right of action accrued, so as to bring the defendant upon the record in her individual capacity.

An order of the trial court permitting such an amendment constitutes reversible error, and will be stricken off, upon appeal.

Fitzgerald's Estate, 252 Pa. 568, distinguished.   Bender v. Penfield, 235 Pa. 59, followed.

Argued October 26, 1921.  Appeal, No. 127, Oct. T., 1921, by defendant, from decree of C. P. Blair County, Jan. T., 1919, No. 130, permitting amendment of the record of judgment for plaintiff in the case of Joseph G. Stine v. Mrs. Clara S. Herr, Administratrix of the Estate of William H. Herr, deceased.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Reversed.

Trespass to recover damages for personal injuries. Before BALDRIGE, P. J.

The facts are stated in the opinion of the Superior Court.

V.erdict for plaintiff in the sum of $1,456 and judgment thereon. Subsequently plaintiff obtained a rule on the defendant to show cause why the plaintiff's statement and record in the judgment should not be amended by striking off the words "Administratrix of the Estate of William H. Herr, deceased," as surplusage, making the defendant individually liable under said judgment. The court made absolute the rule.  Defendant appealed.

*Error assigned* was the order of the court permitting the amendment.

*W. Frank Vaughn,* and with him *Dively & Hemphill,* for appellant.—Amendment will not be allowed to the prejudice of other parties, where the statute of limitations has run by introducing a new cause of action, or bringing in a new party, or changing the capacity in which he is sued: Garman v. Glass, 197 Pa. 101; Wright v. Eureka Tempered Copper Co., 206 Pa. 274; Bender v. Penfield, 235 Pa. 58; Mumma v. Mumma, 246 Pa. 407.

*Marion D. Patterson,* for appellee.—Since the amendment was to correct the name under which the right party

was sued, it was properly allowed: Wright v. Copper Co., 206 Pa. 274; Wilkinson v. North East Borough, 215 Pa. 490; McGinnis v. Valvoline Oil Works, Ltd., 251 Pa. 407; Fitzgerald's Est., 252 Pa. 568.

OPINION BY PORTER, J., March 3, 1922:

The plaintiff brought this action of trespass against Clara S. Herr, administratrix of the estate of William H. Herr, deceased, averring in his statement the right to recover for personal injuries suffered on March 8, 1918. The administratrix was summoned, as the representative of the estate, and appeared and defended the action. The trial resulted in a verdict for the plaintiff, upon which judgment was entered on February 24, 1920. On October 14, 1920, the plaintiff obtained a rule on the defendant to show cause why the plaintiff's statement and record in the judgment should not be amended "by striking off the words 'administratrix of the estate of William H. Herr, deceased,' as surplusage so that the statement and record shall be Clara S. Herr." The defendant filed an answer to the rule objecting to the allowance of the amendment upon the ground that she had not been sued as an individual, but as representative of the estate of William H. Herr, deceased, that she had not defended in her individual capacity and that more than two years from the date of the alleged injury had elapsed before the motion was made to amend the record, and that the court was without jurisdiction to so amend the record. The court below made the rule absolute, thus rendering the individual property of Clara S. Herr liable to be taken in execution under the judgment, and from that order the defendant appeals.

The learned judge of the court below was of opinion that the disposition of the question presented must be controlled by the principles applied in Fitzgerald's Estate, 252 Pa. 568. We cannot concur in that view. There had been no amendment of a record in Fitzgerald's Estate, which was an appeal from a decree of distribu-

tion by the orphans' court. The will of the decedent had directed the printing and publishing of The Item, a newspaper, to be carried on by his three sons, whom he named as executors, and the income paid to his children. The Item Publishing Company had received letters patent as a corporation, but failed to complete its organization by recording the certificate of incorporation. After the death of Thomas Fitzgerald, Mrs. Tonge sustained personal injuries resulting from the negligent operation of a wagon operated by the publishing company, and brought an action and recovered a judgment against the Item Publishing Company. The Fitzgerald estate was the sole owner of the Item Publishing Company and the executors of that estate defended the action. The judgment was not a judgment against the corporation, for no such corporation existed, but the evidence disclosed that the estate of Thomas Fitzgerald was the sole owner of the publishing company at the time Mrs. Tonge sustained her injuries. That was not a case where a real person had been sued, and, after it had been ascertained that the suit had been erroneously brought, an offer was made to substitute another real person as defendant. It was a case where the summons had been served upon the right parties, who had appeared and defended the action, and the only mistake was that the right defendant was called by a wrong name. That case seems to have been bitterly contested and the question of the right to amend the record of the judgment was considered by the Supreme Court in Tonge v. Item Publishing Company, 244 Pa. 417, in which it was said (p. 426): "The allowance of the amendment would have brought new parties on the record. Under the rule established by our cases this cannot be done. Where the statute of limitations has run, amendments will not be allowed, which introduce a new cause of action, or bring in a new party, or change the capacity in which he is sued." The case with which we are now dealing presents the identical question which

was considered by the Supreme Court in Bender v. Penfield, 235 Pa. 59, and by that decision it is distinctly ruled. In that case, as in this, the plaintiff sought to recover damages for personal injuries. In the opinion in that case Mr. Justice STEWART said: "The action had been brought against the estate of a decedent; the amendment bringing upon the record the appellee as the legal representative of the estate, was entirely proper; it introduced no new party, since in the event of recovery the judgment would simply be de bonis testatoris; but by the second amendment the appellee, against her protest, was introduced upon the record to defend not in her representative but in her individual capacity, and had judgment been obtained it would have been de bonis propriis. No truer test can be applied in determining whether a proposed amendment involves a change of parties to the action. If it may involve in personal liability one who was not made a party originally, the amendment, if objected to, should be disallowed, for no one may be held to answer except as required by due process......The appellee in her individual capacity was never for a moment in court in connection with this case before the amendment was made, and the court was therefore without jurisdiction as to her." The principle applies more forcibly to a case like the present, where judgment had been entered before the motion to amend the record was made: Tonge v. Item Publishing Co., 244 Pa. 426. In the present case the right of action against the appellee was lost by lapse of time when the motion was made to amend the record, and a new action against the appellee would have been unavailing in face of the statute of limitations. The only purpose of the amendment was to involve the appellee in a liability from which the law had discharged her, by making her an original defendant in an action brought in time but against another party. The court erred in allowing the amendment and the specification of error is sustained.

The order of the court below amending the record is reversed and the amendment is stricken off, at the cost of the appellee.