# Dress *v.* Schuylkill Railway Company, Appellant.

*Negligence—Trespass—Personal injuries—Misnomer of defendant—Period of limitation—Amendment thereafter—New party.*

An amendment, correcting the name of the right party sued, may be made after the period of limitation has run, although a new party cannot thereafter be brought in.

Where the defendant, although improperly named in the writ, was actually served, and appeared, an amendment correcting the mistake may be made.

In an action of trespass to recover damages for personal injuries, the case is for the jury where the evidence established that the motorman of a street car, in attempting to avoid a head-on collision, stopped his car so suddenly that the passenger, plaintiff, was jolted from her seat and injured.

Argued March 10, 1924. Appeal, No. 216, Oct. T., 1923, by defendant, from judgment of C. P. Schuylkill

[83 Pa. Superior Ct.

Co., July T., 1921, No. 274, on verdict for plaintiff, in the case of Jacob Dress and Sallie Dress, his wife, v. Schuylkill Railways Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before KOCH, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff, Jacob Dress, for $400 and for Sallie Dress for $700, and judgment thereon. Defendant appealed from judgment in favor of Sallie Dress.

*Errors assigned* were, among others, in granting plaintiffs' motion for leave to amend and refusal of defendant's motion for judgment non obstante veredicto.

*Arthur L. Shay,* for appellant.—It was error to allow the amendment: Coyne v. Lakeside Elec. Ry. Co., 227 Pa. 496; Pinkerton v. Traction Co., 193 Pa. 229; Moser v. Philadelphia H. & P. R. R. Co., 233 Pa. 267; Deacle v. Deacle, 160 Pa. 206; Brundred v. Egbert, 164 Pa. 615-621; Maloney v. Simpson, 226 Pa. 482; Markowitz v. Ararat Dye Works, 73 Pa. Superior Ct. 129; White Co. v. Fayette Auto Co., 43 Pa. Superior Ct. 532.

There was no evidence of negligence: McLean v. A. Schoenhut, 225 Pa. 100; James Clark v. Daniel S. Lindsay, 7 Pa. Superior Ct. 43; Hale v. Hale, 32 Pa. Superior Ct. 37; Noonan v. Pardee, 200 Pa. 475; Fenn v. Early, 113 Pa. 264; Watkins v. Moore, 192 Pa. 211; Vickers v. Traction Co., 34 Lanc. 250; McGallichen v. Kin-arts, 3 Lanc. 220; Bongiovanni v. P. C. C. & St. L. R. Co., 63 Pitts. 771.

*Henry Houck,* and with him *Roscoe R. Koch,* for appellee.—If the effect of the amendment is to correct the name under which the right party was sued, it should

be allowed: Wright v. Eureka Tempered Copper Co., 206 Pa. 274, 276; McGinnis v. The Valvoline Oil Works, Ltd., 251 Pa. 407, 409; Fitsgerald's Est., 252 Pa. 568, 572; Heidelberg School Dist. v. Horst, 62 Pa. 301, 307.

OPINION BY LINN, J., April 21, 1924:

This ·appeal brings up two contentions: 1st, that amendment of the record correcting a mistake in name, made appellant a defendant after the period of limitation had run; 2d, that there is no evidence of defendant's negligence.

1. Plaintiff was injured June 19, 1919, while a passenger in a car of the Schuylkill Railway Company, a corporation  operating an electric street railway in Schuylkill County.  A summons was issued June 9, 1921, naming as defendant, the Schuylkill County Railway Company, another corporation, although plaintiff's counsel intended to sue the Schuylkill Railway Com·· pany.  The sheriff made the following return:

"Served the within writ on the Schuylkill County Railway Company, Pennsylvania corporation, at its office in the Borough of Girardville, Schuylkill County, Pennsylvania, by handing a true and attested copy of said writ to C. Sims Bailey, general manager of said Schuylkill County Railway Company, and then in charge of said office and making known to him the contents thereof personally on June 18, 1921......"

No written order of appearance by either corporation was entered.  After the writ was served, but before the statement of claim was filed, counsel for plaintiff had two conferences with the superintendent of the Schuylkill Railway Company, trying to procure an amicable settlement of the claim.  On February 13, 1922, plaintiff filed a statement of claim, charging the Schuylkill County Railroad Company with negligence; that statement was served on counsel, who accepted service as follows: "Now Feb. 16, 1922, service accepted.  Arthur

L. Shay, Atty. for Defendant." Mr. Shay was also attorney for the Schuylkill Railway Company.

On March 6, 1922, the Schuylkill County Railway Company filed its affidavit of defense, sworn to by James D. Evans, vice-president, averring that while it owned a section of the railway line operated by the Schuylkill Railway Company, it did not operate it, and stating that since 1913, its property was operated by the Schuylkill Railway Company, pursuant to lease duly recorded; it therefore denied responsibility for the negligence charged.

On March 22, 1922, plaintiff filed a petition to amend the record by striking off the word "County" from the title of the defendant named, leaving it read Schuylkill Railway Company. A rule to show cause was granted, and was answered by the Schuylkill County Railway Company, and was heard on that petition, answer and an agreement of facts filed for the purpose of disposing of the rule. The answer alleged that the Schuylkill County Railway Company had no office in Schuylkill County, and that C. Sims Bailey (served by the sheriff) was not the general manager of the Schuylkill County Railway Company, and that he was not connected with it in any way. It was agreed that Bailey was the general manager of the Schuylkill Railway Company; that its office was in the Borough of Girardville, Schuylkill County, where the sheriff had served the writ and Bailey was in fact served. The parties also agreed before issuing the writ, (though we attach but little importance to the fact) counsel for plaintiff made inquiry for the corporate name of the railway company operating the line on which the injury occurred, and was informed by a lawyer in good standing in Schuylkill County, that the corporate title was Schuylkill County Railway Company. The same James D. Evans who swore to the affidavit of defense, executed the answer of the Schuylkill County Railway Company, objecting to the amendment, though it is not obvious why the correction of the cor-

porate name of the operating company should be objectionable to the Schuylkill County Railway Company (which had nothing to do with the accident, and which it was not intended to sue) unless the explanation arises from the fact, also agreed to, that James D. Evans is vice-president of both corporations.

The court held that the Schuylkill Railway Company had in fact been served with process, had appeared, and was subject to the jurisdiction of the court, and accordingly allowed the amendment. The case was then tried against the Schuylkill Railway Company; and in the trial, the same learned counsel who originally accepted service of the statement of claim, and who had opposed the amendment, represented the Schuylkill Railway Company, and after verdict and judgment against it, took this appeal.

An amendment correcting the name of the right party sued, may be made after the period of limitation has run, although a new party cannot thereafter be brought in. The real question therefore is whether the evidence shows that the parties understood from the beginning that the Schuylkill Railway Company, the party intended, was brought in by the writ served by the sheriff on June 18, 1921. We have substantially stated that evidence; what effect must be given to it?

The lawyer who informed plaintiff's counsel of the corporate title of the company he wished to sue, was, of course, mistaken; the sheriff was mistaken in returning his service of the writ upon Bailey as general manager of the Schuylkill Railway Company at its office in Schuylkill County as a service upon Bailey in a capacity which he did not possess, and on behalf of a corporation with which he was not connected and which had no office in the county. On the facts shown, we must hold that the right party—that is, the party intended by the plaintiff, though wrongly designated in the writ, was served; that party was not misled, but all along understood that it was intended.

We recognize the principle applied in Stine v. Herr, Admrx., 78 Pa. Superior Ct. 226, and authorities there relied on, and in McGinnis v. Valvoline Oil Works, 251 Pa. 407; Fitzgerald's Item Cases, 244 Pa. 417, 252 Pa. 568, 266 Pa. 321; and the Washington Park Steamboat Company Case, 171 Fed. 168. The evidence does not support appellant's view that because a corporation of the name designated in the writ existed, it was brought into court, and that the amendment was an effort to substitute another, as in Coyne v. Lakeside Ry. Co., 227 Pa. 496.

In McGinnis v. Valvoline Oil Works, supra, a writ issued naming as defendant "The Valvoline Oil Works, Limited, a corporation." After the statute of limitations had expired, it was proposed to correct the title by amendment, in circumstances shown in the following quotation from the opinion: "The lawyers who accepted service of the original summons were attorneys for 'The Valvoline Oil Works, Limited,' for whom the plaintiff worked, and in whose service he was injured; at that time, they also represented a corporation named 'The Valvoline Oil Company,' with whom the plaintiff so far as the record shows, had no connection. The appellant contends that the desired amendment does not name a new party defendant, but merely corrects the name of the defendant originally designated and summoned, citing: Wright v. Eureka Tempered Copper Co., 206 Pa. 274; Druckenmiller v. Young, 27 Pa. 97; (see also Meitzner v. Balto. & Ohio R. R. Co., 224 Pa. 352, and Tonge v. Item Publishing Co., 244 Pa. 417).

"On principle, the above authorities rule the present case. 'The Valvoline Oil Company' was not designated or summoned as defendant, but a concern with quite a different name—'The Valvoline Oil Works, Limited'; and, since we have no 'limited' corporations in this country, it is not at all likely that any one interested could reasonably have been misled by the insertion of the word 'corporation' after the word 'limited' in the title of the

defendant.  The plaintiff did not sue the wrong party; he simply made a mistake in stating the name of his employer and this he had a right to correct."  The same rule applies here; the assignments of error raising the first contention are overruled.

2. We all agree there was sufficient evidence of the negligence charged in the statement, to take the case to the jury.  There was evidence that approaching or rounding a curve, in attempting to avoid an impending head-on collision, the motorman stopped his car so suddenly that the passenger-plaintiff was jolted from her seat; one witness said, "this woman fall down and Mrs. Ferris hold her"; another said, "the car was reversed and everybody was threw to the front of the car"; the plaintiff was "laying stiff in Miss Becker's arms"; as the car stopped, another witness saw "this woman falling over on the other woman's lap, like"; another said "the motorman......prevented the collision, and nobody was hurt, but we were shaken up a little.  I didn't notice any body thrown around very much."  Following familiar decisions, when there is such evidence, on which the jury may have based its verdict, we may not interfere.

Judgment affirmed.