## Peach v. Peach.

*Divorce—Parties—Name—Amendment—Notice—Ex parte motion.*

1. It is improper, in a divorce proceeding, for the court to permit the record to be amended by changing the names of the parties on the *ex parte* motion of libellant's attorney without a rule to show cause and without service of notice on the respondent.

*Divorce—Subpœna—Service by publication—Notice.*

2. Service of a subpœna in divorce by publication is defective where rules of court require marked copies of papers containing the notice to be mailed to the last known address of respondent, and the return shows such notice was mailed to "No. 1304 Clover Street," the last known address stated in the libel, while the evidence shows the proper address is "No. 1304 Carbon Street."

*Witnesses—Competency—Divorce—Libel—Rule to take depositions—Service—Act of 1915.*

3. Libellant is not a competent witness in a divorce proceeding under the Act of April 21, 1915, P. L. 154, where neither the libel nor a rule to take depositions was served on respondent either personally or by publication.

*Divorce—Adultery—Evidence.*

4. Divorce on the ground of adultery will not be granted where the only testimony is that the co-respondent visited respondent at her home several times in the evening when libellant was absent.

Libel in divorce. C. P. Fayette Co., March T., 1925, No. 545.

*E. D. Fulton* and *Eugene Sloan,* for libellant.

MORROW, J., Feb. 14, 1927. — The master's report in this application for divorce was submitted to this court a considerable time ago. Subsequently, we learned that the matter had been brought to the attention of Judge Reppert prior to the expiration of his term of office the first Monday of January, 1926, and since he is now advising with and assisting in the work of the court, under and by virtue of the provisions of section 2 of the Act of June 12, 1919, P. L. 461, the case was referred to him for his opinion thereon. Such work is in line with his duties: Wentsler *v.* Wentsler, 8 D. & C. 350. We accept and adopt his opinion without any change therein. It is as follows:

This is an action in divorce brought by David Peach against Eva Peach. The names of the parties so appear in the style of the case, the libel and the

affidavit thereto, although both the libel and the affidavit are signed "David · Peet." No examination of the due execution of the paper could have been made by counsel, otherwise the discrepancy would have been disclosed. In the subpoena and the return thereto of *n. e. i.*, filed March 6, 1925; in the order for an *alias* subpoena filed March 11, 1925; in the *alias* subpoena issued March 12, 1925, returnable April 13, 1925, and the return thereto of *n. e. i.*, sworn to April 13, 1925, and filed April 21, 1925, the names of the parties are the same, although in the style of the case endorsed on the back of the *alias* subpoena a line made by a pen is run through the last name of the plaintiff and defendant and the name "Peet" written above. The erasure must have been made after the return was sworn to. Upon affidavit made by libellant, dated Feb. 28, 1925, that a mistake had been made in the names of the parties, the proper name of each being "Peet" instead of "Peach," without rule to show cause, and on motion of attorney for the libellant, "the court allows the record to be amended by changing the names of the libellant and respondent from David Peach and Eva Peach to David Peet and Eva Peet, respectively, and the same is accordingly amended wherever it appears." The order quoted is dated and purports to have been made March 8, 1925. It is marked "filed April 8, 1925," and is entered on the docket as having been made on that date. March 8, 1925, fell on Sunday. According to the minute-book, court was not in session on April 8, 1925. Whatever the circumstances or statements made when the order was obtained, without doubt, it was made inadvertently, and is without force and effect. A party whose name it is asked to amend must be in court. If the effect of the amendment will be to correct the name under which the right party was sued, it should be allowed; if the effect will be to bring a new party on the record, it should be refused: Wright *v.* Eureka Tempered Copper Company, 206 Pa. 274, 276; White Co. *v.* Fayette Automobile Company, 43 Pa. Superior Ct. 532, 533; Fitzgerald's Estate (No. 1), 252 Pa. 568, 672; Dress *v.* Schuylkill Ry. Co., 83 Pa. Superior Ct. 149. The test is that the party whose name it is asked to amend must be in court: G. A. Cæsar & Co. *v.* Banks Bros., 7 D. & C. 212, 213. No amendment changing the name of a defendant will be permitted before his appearance. Until both parties are in court, the application is *ex parte* and premature and must be refused: Hartshorne *v.* Mercer, 3 Clark, 505, 506. Until he is actually in court and his identity thus established, how can it be shown that the right defendant has been sued under a wrong name and that, therefore, an amendment correcting the mistake should be allowed? In this case, no summons had been served on anybody. No one had appeared in person or by attorney, voluntarily or otherwise. The defendant had a right to personal service if she was in the county. As the record stands, there is nothing to show that she was not in the county. She also had a right to notice of the application to correct the alleged mistake in name. A rule to show cause why the correction should not be made should have issued even if she had appeared and was in court. Counsel for libellant seem to have been conscious of this, for the affidavit filed is captioned "affidavit for rule to amend names," and is similarly backed. The order of April 8, 1925, amending the names of the parties, having been made improvidently, should be vacated.

May 6, 1925, an order of publication, returnable July 2, 1925, was directed to issue. In this order the case is styled David Peet *v.* Eva Peet. Thereafter it is so styled, or David Peach, *alias* David Peet, *v.* Eva Peach, *alias* Eva Peet. The rules of court then in force provided for the publication of the notice by the sheriff and that marked copies of the newspapers containing the notice should be mailed to the respondent at his or her last known address. The

Peach v. Peach.

·return to the order of publication shows that copies of papers containing the notice were mailed, addressed to the respondent at No. 1304 Clover Street, Syracuse, N. Y., that being her last known address as stated in the libel.

July 9, 1925, a master was appointed to take testimony and report. The hearing was held Aug. 20, 1925. A registered letter containing a notice of the hearing, addressed and mailed to Mrs. Eva Peach (typed), alias Eva Peet (written), No. 1304 Clover Street, Syracuse, N. Y., was returned to the master endorsed "No such number." The libellant and two other witnesses were examined at the hearing.

Pursuant to a commission issued to Harry S. Lee, Esq., of Syracuse, N. Y., the testimony of one witness, Mrs. Lilly Peet, of No. 104 Steuben Street, Syracuse, was taken Aug. 28, 1925, and returned and filed Sept. 21, 1925.

The libel charges the respondent with adultery with one Ernest Herrington and with one other of unknown name. It clearly appears from the answers of Lilly Peet to the third, fifth, thirteenth and twenty-seventh interrogatories that in or about the year 1920, when the acts of adultery were alleged to have been committed, the residence of the libellant and respondent was No. 1304 *Carbon* Street and not No. 1304 *Clover* Street, as stated in the libel and in libellant's testimony, and had been for several years prior to 1920. The witness then lived and still lives at No. 104 Steuben Street, a short distance from the house occupied by the Peets at No. 1304 Carbon Street. The libellant and respondent were living there when the libellant left in May, 1920. He left the respondent in the house they then occupied. For aught that appears, she is there still. There is no testimony placing her elsewhere or that she ever left. Lilly Peet was asked no question as to respondent's whereabouts since her husband left, nor was inquiry made of her as to her own relation to or connection with the libellant's family. It is manifest that the service by publication was defective and incomplete, in that the rule of court relating thereto was not complied with requiring that marked copies of the papers containing the notice shall be mailed to the last known address of the respondent.

Neither the libel nor the rule to take depositions was served on the respondent personally or by publication, nor was any attempt made to give notice to her, either personally or by publication, of the taking of the deposition of Lilly Peet, notwithstanding she may be residing in the same city and near the witness. The subpœna was not served on her personally, and the service by publication was defective and incomplete. The libellant was, therefore, incompetent to testify to the alleged misconduct of his wife. In Rhodes v. Rhodes, No. 322, September Term, 1926, not reported, this court said:

"If the libellant is a competent witness to testify as aforesaid, it is by virtue of the provisions of the Act of April 21, 1915, P. L. 154. By reference to this Act of 1915, it will be observed that it is an amendment of the Act of June 8, 1911, P. L. 720, and that the word *libel* found therein does not appear in the former legislation, this act providing to the effect that the *libel*, subpœna and rule to take depositions may be served on the respondent by publication, and that when so served, the libellant is a competent witness as to all the facts in the case. It seems clear that one of the conditions upon which the libellant's competency as a witness is thus broadened when there is no personal service, is that the libel must be served by publication as well as the subpœna and rule to take depositions."

The only testimony, other than that of the libellant himself, which must be discarded, bearing on the charge of adultery, is that of Lilly Peet. Leaving out of consideration those portions of her testimony which are clearly incompetent, being hearsay, the conclusion of the witness or otherwise improper or

unimportant, the remainder, in our judgment, would not warrant a finding that the wife was guilty of the charge alleged. It is to the effect that the witness several times saw the co-respondent, Herrington, at the libellant's house when she went there to call in the evening, both when the libellant was there and when he was not there; that sometimes Herrington would leave before she did, at other times he would remain after the witness left. The greater portion of this testimony, meager as it is both in quantity and quality, was elicited by interrogatories objectionable in form. Standing alone and without objection, it seems to us insufficient to lead the guarded discretion of a reasonable and just man to a conclusion of guilt: Matchin v. Matchin, 6 Pa. 332, 338.

In the report of the master, whose recommendation we regret we cannot sustain, there are allusions to a "vernial" disease contracted by the husband from his wife. It is apparent that the report after it was typed, as the libel after it was executed, was not examined for the detection and correction of errors. The whole record exhibits the lack of care and thoroughness and the absence of a sense of responsibility in the performance of important duties that to such a regrettable degree characterize this class of legal practice, and which, with other causes, are bringing it into disrepute.

This is the second time this case has been considered. After the first examination, the papers were returned to counsel with an oral statement of the reasons why, in the opinion of the court, the proceeding could not be sustained. This was done because the application seemed meritorious and with the thought that counsel might prefer to discontinue and begin anew. The case, however, was again submitted. Further consideration has served to confirm the conclusion formerly reached.

*Order.*—And now, Feb. 14, 1927, after consideration, the proceedings in this case are dismissed, at the cost of the libellant, without prejudice.

From Luke H. Frasher, Uniontown, Pa.