## Brosha v. Lititz Mutual Insurance Co.

*Joseph M. McNerney*, for plaintiff.

*Joseph P. Keliher* and *Douglas Stovey*, for defendant.

WILLIAMS, J., February 23, 1951.—William C. Brosha has sued the Lititz Mutual Insurance Company on two fire insurance policies.

The one policy insured the contents of a frame dwelling in Antes Fort, Lycoming County, Pa., in the amount of $1,000, against loss by fire. This policy named the insured as "Margaret Brosha Estate."

The other policy named "J. N. Clancy" as the insured, and insured against loss by fire to the frame building which housed the contents covered by the policy mentioned previously. The "J. N. Clancy" policy contains a mortgagee clause, the payee on which clause was named as "Margaret Brosha Estate."

It also appears from the statement of claim that Margaret Brosha died August 26, 1934, that her will gave her property to her husband, William Brosha, with residue to her son, William C. Brosha, plaintiff herein. William Brosha, the life tenant, died in August 1944.

The first policy was issued February 23, 1942, the second policy December 2, 1942.

On February 8, 1943, fire destroyed the building and contents upon which the policies were issued.

This suit was not started until the December term, 1946.

From the pleadings it also appears that William C. Brosha was in the armed forces of the United States from July 30, 1941, to August 26, 1946.

Defendant has demurred to the causes of action stated in the complaint.

Four reasons have been given for the demurrer:

1. A lack of capacity in plaintiff to sue.

2. The failure to aver that J. N. Clancy, the insured in one of the policies, is not a party in interest.

3. The nonjoinder of a necessary party in suit, namely the fiduciary of William Brosha, deceased.

4. The averment in the statement of claim that the fire happened on February 8, 1943, and the fact that the suit was not commenced within 12 months next after the fire, as required by lines 192-196 of the policies.

The "Margaret Brosha Estate" is named in the one policy as the insured and in the other policy as the payee in a mortgagee clause. Although there may be some question as to the legal entity of "Margaret Brosha Estate", we will consider these words as meaning that the insurance was taken in the one instance for the benefit of the personal representative of Margaret Brosha, and in the other instance for the personal representative of Margaret Brosha as the interest may appear because of a mortgage held by the representative on the property insured.

A fire insurance policy is a personal contract: Gorman's Estate, 321 Pa. 292. In the policies in question the real party in interest is not plaintiff, William Brosha, but the executor or administrator

of Margaret Brosha, deceased. Such personal representative, alone, may sue defendant, and such representative is the only one who could have relieved defendant here by reason of any claim on the policies in question, that is if we exclude "J. N. Clancy" from our consideration. We will therefore have to rule that there is a lack of capacity in plaintiff to sue.

In addition, we are of the opinion that plaintiff has not met the requirement of the policy, which makes it necessary to start suit within 12 months next after the fire.

Because of the fact that the statute of limitations has run in his action, an amendment to bring in a new party is not possible. The name of legal plaintiff cannot be added by amendment if his right of action has been barred by the statute of limitations: 2 Standard Pa. Practice, Parties, §76. Where the statute of limitations has run, amendments will not be allowed which introduce a new cause of action or bring in a new party, or change the capacity in which a party is sued. If the effect of the amendment is to correct the name under which the right party is sued, it will be allowed; if it is to bring in a new party it will be refused: Wright v. Eureka Copper Company, 206 Pa. 274; Tonge v. Item Publishing Co., 244 Pa. 417. In Girardi v. Laquin Lumber Company, 232 Pa. 1, an action was brought against the Laquin Lumber Company, a corporation. The amendment proposed was to name as defendants a partnership, composed of six persons, trading as the Laquin Lumber Company. The allowance of the amendment would have brought new parties on the record, and was refused, as the statute of limitations had run. In Stine v. Herr, Admx., etc., 78 Pa. Superior Ct. 226, an amendment, after judgment and after the statute had run, to bring in defendant in her individual capacity rather than in her fiduciary capacity was not allowed. In Bender v.

Penfield, 235 Pa. 58, an amendment to bring in defendant as an individual rather than as an executor was not allowed after the statute of limitations had run. In LaBar v. New York etc., R. R. Co., 218 Pa. 261, it was held that it was too late for a widow plaintiff to amend her pleadings after the statute had run to add her name as administratrix. It was held that such substitution would add a new party.

And now, February 23, 1951, judgment is hereby directed to be entered in favor of defendant.