# Wright, Appellant, *v.* Eureka Tempered Copper Company.

*Practice, C. P.—Amendments—Parties—Statute of limitations.*

Statutes of amendment are liberally construed to give effect to their clearly defined intent to prevent a defeat of justice through a mere mistake as to parties or the form of action. Amendments, however, will not be allowed to the prejudice of the other party, where the statute of limitations has run, by introducing a new cause of action or bringing in a new party, or changing the capacity in which he is sued. A party whose name it is asked to amend must be in court. If the effect of the amendment will be to correct the name under which the right party was sued it should be allowed; if its effect will be to bring a new party on the record, it should be refused after the running of the statute of limitations.

In an action of trespass to recover damages for personal injuries, the name of the defendant as stated in the writ was the Eureka Tempered Copper Company. Three years prior to the infliction of the injuries for which the suit was brought, the company named in the writ had failed, and its property was sold by the sheriff, but at the time of the suit it still existed as a corporation without doing any business. A new corporation known as the Eureka Tempered Copper Works succeeded to the property and business of the copper company. The plaintiff was injured while in the employ of the copper works. The service of a writ was made on the manager of the copper works, but the sheriff, following the words of the writ, returned it as served on the manager of the copper company. The error in the name was not discovered by the plaintiff until a few days after the statute of limitations had barred a new action. *Held*, reversing the court below, that permission should have been given to amend the record by striking out the word "company" and inserting the word "works."

Argued April 27, 1903. Appeal, No. 262, Jan. T., 1902, by plaintiff, from order of C. P. Erie Co., Nov. T., 1901, No. 56, discharging rule to amend record in case of Charles S. Wright *v.* Eureka Tempered Copper Company. Before MITCHELL, DEAN, FELL, MESTREZAT and POTTER, JJ. Reversed.

Rule to amend record. Before WALLING, P. J.

The opinion of the Supreme Court states the case.

*Errors assigned* were in discharging rules to amend the record and return.

*George H. Higgins*, for appellant.—Within certain limits any

writ may be amended so as to make it conform to the facts, for example : Where the date of service of a writ is omitted or incorrectly stated, or a mistake has been made in the name of a party or for other similar errors : Brundred v. Egbert, 164 Pa. 615 ; Layman v. Beam, 6 Wharton, 181 ; Shamburg v. Noble, 80 Pa. 158.

Amendments in furtherance of justice are always favored by the courts : Miller v. Pollock et al., 99 Pa. 202 ; Porter v. Hildebrand, 14 Pa. 129 ; Wood v. Philadelphia, 27 Pa. 502 ; Penn. R. R. Co. v. Keller, 67 Pa. 300 ; Barnet v. School Directors, 6 W. & S. 46 ; Wilson v. Mechanics' Savings Bank, 45 Pa. 488 ; Germond v. Gould, 4 Pa. C. C. Rep. 117.

*George A. Allen,* of *Allen & Rosenzweig,* with him *Hinckley & Rice,* for appellees.—A new cause of action cannot be introduced, or new parties brought in, or a new subject-matter presented, or a fatal and material defect in the pleadings be corrected after the statute of limitations has become a bar: Grier v. Northern Assurance Co., 183 Pa. 334 ; Com. v. Dillon, 81 * Pa. 41 ; Riley v. Ins. Co., 12 Pa. Superior Ct. 561.

Amendments may not be allowed so as to deprive the opposite party of any right ; Kaul v. Lawrence, 73 Pa. 410 ; Leonard v. Parker, 72 Pa. 236 ; Trego v. Lewis, 58 Pa. 463 ; Furst v. B. L. Assn., 128 Pa. 183 ; Hettinger v. Lemberger, 1 Pa. C. C. Rep. 665.

OPINION BY MR. JUSTICE FELL, May 18, 1903 :

The Eureka Tempered Copper Company is a corporation that was engaged for a number of years in business in North East, Erie County. Its property was sold by the sheriff in 1896, and since then it has not done any business, but still exists as a corporation. In December, 1896, the Eureka Tempered Copper Works was chartered, and this corporation succeeded to the business of the copper company. In 1899, the plaintiff while in the employ of the copper works was injured, and in 1901, three days before his right of action was barred by the statute of limitations, he brought this suit to recover damages. Through a mistake of counsel the defendant named in the writ was the copper company instead of the copper works. The service of the writ was made on the manager of the latter corporation, but the sheriff, following the words of the writ, returned it as

served on the manager of the copper company. The error in the name was not discovered by the plaintiff until a few days after the statute of limitations had barred a new action. The plaintiff then obtained a rule to show cause why the record should not be amended by striking out the word " Company" and inserting the word " Works," and on the same day the sheriff petitioned for leave to amend his return so as to show service on the manager of the copper works. This appeal is from the order of the court discharging the rule to amend and dismissing the sheriff's petition.

Statutes of amendment are liberally construed to give effect to their clearly defined intent to prevent a defeat of justice through a mere mistake as to parties or the form of action. Amendments however will not be allowed to the prejudice of the other party, where the statute of limitations has run, by introducing a new cause of action or bringing in a new party, or changing the capacity in which he is sued : Trego v. Lewis, 58 Pa. 463 ; Commonwealth ex rel. v. Dillon, 81 * Pa. 41 ; Grier v. Northern Assurance Co., 183 Pa. 334 ; Peterson v. Delaware River Ferry Co., 190 Pa. 364 ; Garmon v. Glass, 197 Pa. 101. A party whose name it is asked to amend must be in court. If the effect of the amendment will be to correct the name under which the right party was sued, it should be allowed ; if its effect will be to bring a new party on the record, it should be refused after the running of the statute of limitations.

In this case there is no dispute as to what was intended and what was actually done in bringing the suit. The plaintiff had never worked for the copper company. His counsel knew of the existence and the history of both companies, that one had gone out of business and had been succeeded by the other. He intended to draw a precipe for a writ against the copper works, and by mistake wrote the word "Company" instead of "Works." He served the right party, the manager of the copper works, and thus brought that company into court, but under a wrong name. The mistake in bringing the suit was in the name of the party actually summoned, and not in suing the wrong party, and the amendment should have been allowed.

The judgment is reversed with a procedendo.