## Dress v. Schuylkill County Railway Company.

*Practice, C. P.—Amendment—Name of defendant—Corporation—Statute of limitations.*

Where a suit was intended to be brought against a corporation named the "Schuylkill Railway Co.," but by mistake of counsel the defendant was named "Schuylkill County Railway Co.," which, in fact, was the name of another and distinct company, but the proper company was duly served with process and appeared and so was in court, the record was amended, although the statute of limitations had run, by striking out the word "County" wherever it appeared in the defendant's name in the record.

Trespass for negligence. Rule to amend name of defendant. C. P. Schuylkill Co., July T., 1921, No. 274.

*R. R. Koch,* for plaintiffs; *A. L. Shay,* for defendant.

BERGER, J., June 19, 1922.—This is a rule issued on plaintiffs' petition to show cause why the præcipe, writ and statement of claim should not be amended by striking from the corporate title of the defendant's name, as it is set out in the præcipe, writ and statement of claim, the word "County," in order to designate the defendant as the Schuylkill Railway Company—its

proper corporate name—wherever the name Schuylkill County Railway Company appears, and also that the words "and owns," in the first paragraph of the plaintiffs' statement of claim, be stricken out, so that the statement as amended may properly charge the Schuylkill Railway Company as the defendant and the operator of an electric railway running through the County of Schuylkill, from Pottsville, through St. Clair, to the Borough of Shenandoah.

The defendant has filed an answer to the petition to amend, and the parties have agreed in writing upon the facts essential to a proper disposition of the rule. The plaintiffs are husband and wife. The cause of action set out in their statement of claim is an injury alleged to have been received by the latter June 19, 1919, when she was being carried as a passenger for hire from the City of Pottsville to the Borough of St. Clair by a street railway company running from Pottsville, through St. Clair, to Shenandoah, whose negligent act, it is charged, caused the injury. The specific ground for the allowance of the amendment prayed for is thus stated in the petition to amend: "That at the time of the issuance of the writ in this case the plaintiffs and their counsel mistakenly and inadvertently misnamed the defendant, intending and meaning to sue the operating company, the Schuylkill Railway Company."

The facts as agreed upon by counsel, together with those appearing of record, are substantially these: A writ of summons in trespass, issued at the instance of the plaintiffs on June 9, 1921, against the Schuylkill County Railway Company, and it was served by the Sheriff of Schuylkill County on June 18, 1921, at the office of the Schuylkill Railway Company in Girardville on C. Sims Bailey. In the sheriff's return Bailey is designated as the general manager of the Schuylkill County Railway Company, though he holds no office in that company, and it has no office in Schuylkill County; the said Bailey being, however, then the general manager of the Schuylkill Railway Company and had his office in Girardville. On Feb. 13, 1922, the plaintiffs filed their statement of claim, of which A. L. Shay, Esq., representing the Schuylkill County Railway Company, accepted service on Feb. 16, 1922, and to which he filed an affidavit of defence for the Schuylkill County Railway Company March 4, 1922, of which service was accepted by plaintiffs' counsel. The petition to amend was filed March 22, 1922. On Oct. 7th, and on, Dec. 6, 1921, after the plaintiffs' writ had issued and been served on C. Sims Bailey, the general manager of the Schuylkill Railway Company, plaintiffs' counsel had consultations at his office in Pottsville with Thomas McAndrew, the superintendent of the Schuylkill Railway Company, with a view to effecting a settlement of the plaintiffs' claim.

The Schuylkill Railway Company operates an electric passenger railway from Pottsville to Shenandoah, through the Borough of St. Clair, all in the County of Schuylkill. Through the City of Pottsville, and thence partially through the Borough of St. Clair, the Schuylkill Railway Company operates its cars over and upon the tracks owned by the Pottsville and St. Clair Electric Railway Company, under an operating or traffic agreement between the said Schuylkill Railway Company and the said Pottsville and St. Clair Electric Railway Company. The Schuylkill County Railway Company owns the electric railway line connecting with the last mentioned line at a point in the Borough of St. Clair, and runs thence to a point in the Borough of Gilberton, where said line connects with the line owned by the Schuylkill Railway Company, whose line runs from Gilberton into Shenandoah, and the Schuylkill Railway Company operates said line from St. Clair to and into Shenandoah in part, pursuant to a lease entered into between the Schuylkill County Railway Company and the Schuylkill Railway Company on Dec. 30, 1913, which

2 D. & C.

lease is recorded in Schuylkill County Deed Book, No. 393, page 235, and in part over its own lines. These conditions obtained on June 19, 1919, the date of the alleged accident, and so continue. The place where the alleged accident is stated to have happened is a point between Pottsville and St. Clair. The plaintiff alleged to have been injured, Sallie Dress, was a passenger for hire on a car operated by the Schuylkill Railway Company, on and over the tracks belonging to the Pottsville and St. Clair Electric Railway Company, at the time of injury.

Before entering suit, on or about June 9, 1921, plaintiffs' counsel endeavored to reach A. L. Shay, Esq., on the phone, to ascertain the name of the defendant corporation, an "electric railway company between here (Pottsville) and Shenandoah," and, failing to reach him, called Otto E. Farquhar, Esq., knowing that he had been interested as counsel for another railway company in the affairs of the defendant company, and having been told by him that the corporate name of the electric railway company between Pottsville and Shenandoah was the Schuylkill County Railway Company, brought suit against it. It is agreed that the Schuylkill County Railway Company could not, under any view of the facts here existing, have been liable to the plaintiffs, and that the plaintiffs' right of action was solely against the Schuylkill Railway Company, which action was barred by the statute of limitations at the time the plaintiffs applied to amend their statement.

The question for determination is whether an allowance of the amendment sought by the plaintiffs will have the effect of introducing a new party upon the record after the statute of limitations has run, for if it does, the amendment cannot be allowed. The governing principle of law is: "A party whose name it is asked to amend must be in court. If the effect of the amendment will be to correct the name under which the right party was sued, it should be allowed; if its effect will be to bring a new party on the record, it should be refused after the running of the statute of limitations:" Wright v. Eureka Tempered Copper Co., 206 Pa. 274, 276; McGinnis v. The Valvoline Oil Works, Limited, 251 Pa. 407, 409. In Fitzgerald's Estate (No. 1), 252 Pa. 568, 572, Frazer, J., in the application of this principle, said: "Statutes permitting amendments are liberally construed to give effect to their intent to prevent a defeat of justice through mere mistake as to parties or form of action. Consequently, if the proper party is actually in court and the effect of the amendment is to correct the name under which he has been sued, an amendment will be allowed: Wright v. Eureka Tempered Copper Co., 206 Pa. 274; and if the right party appears and defends on the merits without objection to the misnomer or the capacity in which he is sued, he should not be permitted to subsequently complain of an amendment which designates him by his proper name or in his proper capacity."

The alleged injury of the plaintiff's wife was received when she was a passenger of the Schuylkill Railway Company, which is the name of the only operating electric railway company running between Pottsville and Shenandoah. It was the carrying company which plaintiffs' counsel intended to sue, not any of its lessors not engaged in transportation. He secured service of the writ on the general manager of the Schuylkill Railway Company, which was the operating company, and through this service brought that company into court as a defendant. The fact that the defendant was named the Schuylkill County Railway Company, and that the general manager of the Schuylkill Railway Company, upon whom the writ was served, was described in the sheriff's return as the general manager of the Schuylkill County Railway Company was due to the mistake of plaintiffs' counsel, and is amendable.

Coyne *v.* Lakeside Electric Railway Co., 227 Pa. 496, and kindred cases cited by defendant as controlling here, are distinguished on the ground that in those cases not merely had the suit been entered against the wrong party, but the right party had also not been brought into court by service of the writ before the statute had run. The amendment in the case at bar is, therefore, allowable, and it will be so ordered.

Rule to amend absolute.

From M. M. Burke, Shenandoah, Pa.