## Gordon v. Howard Johnson Motor Courts, Inc.

*Thomas D. Gladden*, for plaintiff.

*Stephen D. Marriner* and *John A. Townsend*, for defendants.

SWEET, P. J., April 22, 1967.—On July 25, 1964, plaintiff was injured, it is claimed, when a stool in a motel collapsed. Plaintiff thought he was staying at Howard Johnson's. The receipt for his room hire bore the legend "H. Johnson's MTR. LDG". A summons in trespass issued against Howard Johnson Motor Courts, Inc., and five months later, Stephen D. Marriner, Esq., entered his appearance for Howard Johnson Motor Courts, Inc. Mr. Marriner (on behalf of one John Lacock) then filed an answer which said "there is no such corporation as Howard Johnson Motor Courts, Inc." It says: "There is a corporation called Howard Johnson Motor Lodges, Inc." John Lacock further averred that the motel referred to in the complaint is owned and operated by Penn Motor Lodge, Inc., of which Mr. Lacock is president. Voluminous denials that Howard Johnson Motor Courts, Inc. had anything to do with the matter at hand were filed. It was averred that said activities "occurred in Room 3 of a motel owned by Penn Motor Lodge, Inc." There was some new matter: "It is denied that Howard Johnson Motor Courts, Inc., is a proper corporate name", and an additional defendant, Beauty Craft Furniture Industries, Inc. was joined.

Eventually, William T. Gordon, Jr. filed a petition asking the court to permit an amendment of the name of defendant in the above entitled case from "Howard Johnson Motor Courts, Inc." to "Penn Motor Lodge, Inc. trading as Howard Johnson Motor Lodge", they being the same parties. A responsive answer was filed and the rule issued. In due course, the matter came on for oral argument.

Plaintiff contends that he was misled by defendant into making a mistake of fact which he should now

be permitted to correct. It is well said in plaintiff's brief:

"Plaintiff was misled by the 'omni-presence of Howard Johnson.' Adjacent U. S. Route 40 west of Washington, Pennsylvania, the defendant had taken full advantage of its association with the internationally famous Howard Johnson's name. It held itself out locally to be Howard Johnson. Its roofs were painted the distinguishing orange color; its sign carried the well known and reputable symbols; its desk and registry were imprinted with the name. Even his receipt for payment led the plaintiff to believe that the room rental would find its way into Howard Johnson's corporate pocket. In the Washington telephone directory, yellow and white pages, the name Howard Johnson appears. No listing appears for Penn Motor Lodge, Inc., an undistinguished and unidentifiable name to the traveling public".

It does not seem to us that petitioner so much seeks to add a new party to the litigation as to designate correctly an old one. He means to sue the motel where he stayed and in which the stool collapsed. On the present record, there is no doubt that such motel is the one which is locally known as Howard Johnson's. It was said in Powell v. Sutliff, 410 Pa. 436 (1963), that: "The test laid down by Justice Stern was whether 'the right party was sued but under a wrong designation'—in which event the amendment was permissible—or whether 'a wrong party was sued and the amendment was designed to substitute another and distinct party'—in which event the amendment was not permissible. (357 Pa. at 29)". See also Gozdonovic v. Pleasant Hills Realty Company, 357 Pa. 23 (1947).

This is rather like Waugh v. Steelton Taxicab Company, 371 Pa. 436 (1952), and we can rely on it here. The Supreme Court said in a footnote to Powell, supra: "In Waugh . . ., we permitted an amendment

although the effect of it was to substitute an individual for a business entity. In that case, however, we were concerned that the plaintiff's error in pleading might have resulted from deception on the part of the defendant". Plaintiff in Waugh followed the same technique as that followed here. After the statute of limitations had run, he obtained a rule on one Kosir to show cause why the complaint should not be amended to substitute as defendant, instead of the designation originally employed, the name of Anthony John Kosir, trading and doing business as the Steelton Taxicab Company.

Changes of this sort have been commonly allowed. See: Dress v. Schuylkill Railway Company, 83 Pa. Superior Ct. 149 (1924); Wright v. Eureka Tempered Copper Company, 206 Pa. 274 (1903).

Pennsylvania Rule of Civil Procedure 1033 says in part:

"A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading".

1 Goodrich-Am. 1033-3 amplifies this as follows:

"The purpose of such an amendment is as stated in the Rule. It is to correct the 'name of a party'. This limits the Rule to the existing parties; it cannot be used as a device for adding a new party to the action under the guise of 'correcting the name', particularly if the statute of limitations has run against a new cause of action. . . . An amendment may be allowed, even after the statute of limitations has run, because, by definition, no new party is being added in the action. The Rule authorizes amendment even after judgment under appropriate circumstances".

Footnote 18 to this section in Goodrich-Amram says:

"A writ may be amended to give the true corporate

name of the defendant, even after the statute of limitations has run, where defendant was originally identified by its trade name, which it held out to the public, and where service was actually made upon a proper party. . . . Wheeler v. Rom's Wholesale Grocer, Inc., 57 D. & C. 205 (1946)".

It is interesting to note in that case, almost exactly similar to this, which arose in this county 21 years ago to the day, Mr. Marriner's father made preliminary objections almost identical to the position which he takes here. Plaintiffs had sued Rom's Wholesale Grocer, Inc. The business bore a sign "Rom's Wholesale Grocer" in large letters, printed that name on their invoices, and were listed in the Canonsburg directory as "Rom's Cash & Carry". The legal name of the business was "M. Rom and Sons Company, Inc." The Washington County Common Pleas, speaking through Carson, J., said:

"In view of the record and the undisputed facts, the court finds that plaintiff intended to sue 'M. Rom & Sons Company, Inc.,' and that although defendant was designated by its trade name in the original writ, defendant was the owner of the store in which plaintiff, Henry Wheeler, claims that he was injured, and of the place where the summons was served. The honest administration of justice requires that defendant's motion be dismissed and plaintiff's motion to amend be granted".

We think that Wheeler v. Rom's Wholesale Grocer, Inc., supra, is square authority for our position. See also: McGinnis v. The Valvoline Oil Works, Limited, 251 Pa. 407 (1916); Liesch v. Munhall, 118 Pa. Superior Ct. 555 (1935); Williams v. Dean Phipps Auto Stores, Inc., 41 D. & C. 430 (1941); all as quoted therein. The books are full of similar cases. See 3 Standard Pa. Prac. 688 et seq., and the host of cases summarized in the footnotes there.

568

Even the handful of cases which go the other way, e.g., Kerner v. Rackmill, 111 F. Supp. 150 (1953), by their difference from the instant case, emphasize the distinction. Accordingly, the petition is granted and the rule will be made absolute.

## ORDER

And now, April 22, 1967, the rule issued January 6, 1967, is made absolute. The name of defendant in this proceeding henceforth shall be Penn Motor Lodge, Inc., trading as Howard Johnson Motor Lodge.