**Bloom v. B'Nai Emanual**

*Daniel Krause*, for plaintiffs.

*William S. McLaughlin*, for defendant.

SILVESTRI, J., October 28, 1971.—On August 26, 1969, plaintiff, Pearl Bloom, while attending an affair at B'Nai Emunoh Congregation (hereinafter referred to as Emunoh) at 4315 Murray Avenue, Pittsburgh, Pa., fell on the premises sustaining injuries. The accident was reported and the insurance carrier for Emunoh conducted an investigation thereof, took photographs of the scene and interviewed plaintiff. From time to time thereafter, the carrier spoke with plaintiff and made an offer in settlement of the claim. About a year after the accident, plaintiff retained her present counsel who notified the carrier by letter dated August 20, 1970, of his representation of plaintiff. In the letter, as dictated to his secretary, Emunoh was referred to as the tortfeasor; however, when the letter was transcribed the tortfeasor was named as B'Nai Emanual Synagogue. The letter was received by the carrier of Emunoh and was placed in the claim file of Emunoh. Thereafter counsel for plaintiff and the carrier conversed on several occasions relative to exchanging information and discussing possible settlement of the claim.

At no time was there any question raised that the accident did not occur at Emunoh, nor was the error in the letter of August 20, 1970, brought to the attention of counsel for plaintiff by the carrier.

On August 19, 1971, seven days prior to the expiration of the statute of limitations, counsel for plaintiff filed a praecipe for writ of summons in trespass. In preparing the same, the secretary from the letter of August 20, 1970, named as defendant B'Nai Emanual Synagogue. This error was overlooked by counsel and the writ issued as praeciped. However, the sheriff was

directed to serve the writ* and did serve it on Emunoh at 4315 Murray Avenue, Pittsburgh, Pa., being the correct addresses of Emunoh. The writ then came into the hands of the carrier of Emunoh.

Immediately upon discovering the error in the name of the named defendant, counsel for plaintiff promptly filed a petition to amend the caption to correct the name of defendant to B'Nai Emunoh Congregation. Counsel for the carrier of B'Nai Emunoh Congregation has objected on the ground that the claim against Emunoh is barred by the statute of limitations. A hearing was held on the petition and answer and in addition to the foregoing facts being established. it is found that there is no existing entity in Allegheny County bearing the name B'Nai Emanual Synagogue.

In considering the petition to amend a caption our attention is focused upon Pennsylvania Rule of Civil Procedure 1033 which provides, in part, that a party by leave of court may at any time correct the name of a party. Without doubt the law of Pennsylvania permits amendments correcting a name whether they be corrections of spelling, additions or deletions at

---

\*                "DIRECTIONS TO SHERIFF

"To:   Eugene Coon, Sheriff of Allegheny County

"Re:   Pearl Bloom and Hyman Bloom
       her husband, Plaintiff
               v.
       B'Nai Emanual Synagogue
          Defendant

"Please serve Writ, Notice and Copy of Petition on:
          B'Nai Emunoh Congregation
          4315 Murray Avenue
          Pittsburgh, Pa. 15217

Date: Sept. 15, 1971      Att'y Krause & Baker

Phone 471-1502          1102 Frick Bldg., Pgh., Pa.
                           Office Address"

any time, when the statute of limitations has not run, and if the statute of limitations has expired, such amendments are allowed where no new and distinct party is brought upon the record. See Saracina v. Catoia, 417 Pa. 80, 208 A. 2d 764 (1965); Miller v. Jacobs, 361 Pa. 492, 65 A. 2d 362 (1949); Wright v. Eureka Tempered Copper Co., 206 Pa. 274, 55 A. 978 (1903); Ward v. Stevenson, 15 Pa. 21 (1850); and Porter v. Hildebrand, 14 Pa. 129 (1850).

In the instant case, the applicable statute of limitations expired August 26, 1971, being that the accident occurred on August 26, 1969, and, therefore, our basic issue is whether or not the correction of the designated defendant's name from "B'Nai Emanual Synagogue" to "B'Nai Emunoh Congregation" would bring upon the record a new and distinct party, in which event the amendment would not be permissible.

A review of several cases concerning the correction of names of defendants demonstrates that the correction in the instant case would not bring upon the record a new and distinct party and, therefore, not violative of the applicable statute of limitations.

Defendant contends that an amendment changing the caption, naming the correct name of defendant, would be adding a distinct new party since "B'Nai Emanual Synagogue" is not a legal entity and, therefore, defendant argues that to allow the caption to be amended so as to substitute "B'Nai Emunoh Congregation" adds a party not previously on the record.

The court does not agree with defendant's conclusion. A suit against a nonexistent corporation is also, in effect, a nullity and an amendment permitting the complaint to be changed to substitute an individual proprietor could be objected to on the same grounds as presented by defendant. But such an amendment was sanctioned in Waugh v. Steelton Taxicab Com-

pany, 371 Pa. 436, 89 A. 2d 527 (1952), where the court had before it a complaint brought by plaintiff against "Steelton Taxicab Company," designated as a corporation. In fact, there was no such entity because the name "Steelton Taxicab Company" was a fictitious name and the company existed only in the person of Anthony John Kosir, owner and operator of the business. In allowing the amendment after the statute of limitations had expired, the court said at page 442:

"In the case at bar no one other than Kosir was ever involved because *there was no entity* as the Steelton Taxicab Company *apart from the personality of Kosir.*"

In Myers v. Sezov, 39 D. & C. 2d 650 (1966), the Bucks County Court of Common Pleas permitted the designated defendant name of "Boy Scouts of America" *a non legal entity,* to be changed to "Bucks County Council, Boy Scouts of America" after the expiration of the statute of limitation. The court found that the right party was sued but under a wrong designation and that plaintiff intended to bring upon the record the same entity in fact no matter which name was correct. Similarly, in the instant case, B'Nai Emunoh Congregation was the entity sought to be sued by plaintiffs and, in fact, served pursuant to written directions of counsel, and this was the entity that by its carrier had made a complete investigation and had been negotiating the claim, first with plaintiff and then plaintiff's counsel. In the case of Wright v. Eureka Tempered Copper Co., 206 Pa. 274, 55 A. 978 (1903), the correct entity Eureka Tempered Copper Works was served as defendant but under the incorrect name, Eureka Tempered Copper Company, which was a nonexisting entity. The court held that since the intended defendant's name was incorrectly designated on the complaint the correction in the name

would introduce no new party to the action. In the case of Powell v. Sutliff, 410 Pa. 436, 189 A. 2d 864 (1963), the court set forth the test whether an amendment was permissible after the statute of limitation has run:

" [when] the right party was sued but under a wrong designation . . . the amendment [is] permissible . . ." In Powell, a nonexistent corporation was the designated defendant whereas defendant in fact was a partnership for which the court permitted an amendment.

Cases cited by defendant in its brief involving *two* existing entities of course are not applicable to the instant case involving only one existing entity and one *nonexistent entity.*

Emunoh at all times knew the accident had occurred, it caused the same to be investigated, it dealt with plaintiff individually and plaintiffs' counsel, the error in the name of the letter of August 20, 1970, did not mislead Emunoh, since it became part of its claim file, the directions to the sheriff to serve the writ named Emunoh and the writ was served at the address and location of Emunoh, and the writ was forwarded to the carrier for Emunoh. The naming of defendant as B'Nai Emanual Synagogue was a human error and none of the parties were misled as to the date, time and place of the accident or who the parties involved were. Under the circumstances, it would be a serious miscarriage of justice to deny plaintiff her day in court especially when there is no prejudice to Emunoh. It is the conclusion of this court that the intended defendant was inadvertently designated and in view of the foregoing, the amendment of the name of defendant would not introduce a new party to this action.

## ORDER

And now, October 28, 1971, upon consideration of

the petition of plaintiffs and after hearing and consideration of the briefs of the parties it is hereby ordered and decreed that the caption of the within case at October term, 1971, no. 1854, be and is hereby amended by striking therefrom the name "B'Nai Emanual Synagogue" and substituting therefore the name "B'Nai Emunoh Congregation."