26 Pa. Commonwealth Ct. 121 (1976)
In Re: Joseph M. & Joan Hindsley, t/a Midway Lounge. Frank DieGiandomenico, Representative of a Class of People Living Within 500 Feet of Proposed Site of Transfer, Appellant.
No. 802 C.D. 1975.
Commonwealth Court of Pennsylvania.
Argued April 8, 1976.
August 18, 1976.
*122 Argued April 8, 1976, before Judges KRAMER, WILKINSON, JR., and BLATT, sitting as a panel of three.
B. David Gray, for appellant.
Frank M. Jackson, with him Fox, Rothschild, O'Brien & Frankel, for appellees.
OPINION BY JUDGE BLATT, August 18, 1976:
In Gismondi Liquor License Case, 199 Pa. Superior Ct. 619, 186 A.2d 448 (1962), our Superior Court held that persons living within a radius of five hundred feet of the proposed site of a new or transferred liquor license are entitled to appeal an adverse decision of the Pennsylvania Liquor Control Board (Board) when such persons had protested the proposed site at hearings before the Board. See also White Oak Borough v. Kusic, 7 Pa. Commonwealth *123 Ct. 280, 299 A.2d 56 (1973). When, in the case at hand, however, the Board decided on January 20, 1975 to permit Joseph M. and Joan O. Hindsley, trading as Midway Lounge, to transfer their liquor license to a proposed site in Upper Merion Township, Montgomery County, an appeal to the Court of Common Pleas of Montgomery County was timely filed by unnamed persons described only as "individuals living within 500 feet of 208-10 West Beidler Road, King of Prussia, Pennsylvania, the proposed site of the transfer of the restaurant liquor license and amusement permit." Both the Hindsleys and the Board filed motions to quash the appeal asserting that it was fatally defective in failing to identify a specific individual or individuals as the appellants as requred by Pa. R.C.P. No. 2230(a).[1] On April 14, 1975, recognizing that the appeal did need to identify at least one person entitled to make such an appeal under the rule in Gismondi, the unnamed appellants here attempted to amend their appeal by designating Frank DiGiandomenico[2] as their representative appellant in a class action pursuant to Pa. R.C.P. No. 2230(a). The lower court ruled that the failure to designate an appellant in the original appeal rendered that appeal a nullity and concluded that the attempted amendment having occurred long after the statutory appeal period had expired made the appeal from the Board's decision untimely. The Hindsleys' motion to quash the appeal was therefore granted, and we affirm.
*124 The appellant here admits that the failure to designate a named appellant in the original appeal constituted a defect in the appeal but he asserts that this defect is amendable after the normal appeal period had expired. It has long been the rule that amendments will be permitted to correct the name of a party so long as the right party was already in court, but no such amendment is permitted after the expiration of a period of limitations if the effect is to introduce a new cause of action or to bring a new party into court. Wright v. Eureka Tempered Copper Company, 206 Pa. 274, 55 A. 978 (1903); accord, Saracina v. Cotoia, 417 Pa. 80, 208 A.2d 764 (1965). See also Bloom v. B'Nai Emanuel, 56 Pa. D. & C. 2d 639 (1971); Gordon v. Howard Johnson Motor Courts, Inc., 42 Pa. D. & C. 2d 563 (1967).
In Wright, for example, the business carried on by the Eureka Tempered Copper Company had been succeeded by the Eureka Tempered Copper Works and the plaintiff, having been injured while in the employ of the copper works erroneously named the copper company as the defendant in his suit to recover damages. Service of the complaint, however, was made upon the copper works and our Supreme Court in that instance permitted the plaintiff to amend the complaint to correct the name of the party after the statute of limitations had expired because the mistake "was in the name of the party actually summoned, and not in suing the wrong party. . . ." Wright, supra, 206 Pa. at 276, 55 A. at 979. In Saracina, by contrast, the plaintiff commenced an action to recover damages against "Anthony Catoia, a minor" who was alleged to have owned and operated the automobile which caused the plaintiff's injuries. Service of the complaint was made upon Anthony Catoia but it was later discovered that the named defendant's son, Robert Catoia, was the minor who was operating the automobile *125 at the time of the injuries and he, therefore, should have been named as defendant. There our Supreme Court refused the plaintiff's request to amend the complaint to correct the name of the defendant after the statute of limitations had expired because the proper party had not been served and, therefore, had not yet been brought into court within the limitation period. It is clear, therefore, that "[a] party whose name it is asked to amend must be in court. If the effect of the amendment will be to correct the name under which the right party was sued, it should be allowed; if its effect will be to bring a new party on the record, it should be refused after the running of the statute of limitations." Wright, supra, 206 Pa. at 276, 55 A. at 979. In the instant case, we believe that the appeal, wherein the appellants are designated merely as "individuals" living within 500 feet of the proposed liquor license site, fails to bring any party into court. It merely designates a class of persons who, had they properly appeared before the Board, might have been entitled to file such an appeal, but it obviously fails to designate a person to whom the Court may look as being responsible for the appeal proceedings and who, for example, could be called upon as the proper person to meet and answer any objections of the appellee as to the standing of these unnamed appellants. An attempted amendment designating a proper person to represent this class of individuals, therefore, brings a new party into court and, where so attempted after the time period for filing an appeal has expired, as was the case here, the appeal is untimely.
We believe that the court below properly granted the Board's motion to quash the appeal by Frank DiGiandomenico and its order is affirmed.
NOTES
[1] Pa. R.C.P. No. 2230(a) reads as follows: "(a) If persons constituting a class are so numerous as to make it impracticable to join all as parties, any one or more of them who will adequately represent the interest of all may sue or be sued on behalf of all, but the judgment entered in such action shall not impose personal liability upon anyone not a party thereto."
[2] While this action is captioned Frank DieGiandomenico it appears from the record that the correct spelling of the name is Frank DiGiandomenico.