581 A.2d 1014

**VINTAGE HOMES, INC., Petitioner,**

v.

**PENNSYLVANIA HUMAN RELATIONS COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 10, 1990.

Decided Oct. 25, 1990.

John B. Dunn, Matergia and Dunn, Stroudsburg, for petitioner.

Francine Ostrovsky, Asst. Chief Counsel, with her, Elisabeth S. Shuster, Chief Counsel, Harrisburg, for respondent.

Before PELLEGRINI and BYER, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

This action was begun when Jean Simchak attempted to file a complaint against her employer with the Pennsylvania Human Relations Commission (Commission), alleging wage-based sex discrimination and harassment, and also alleging that she was forced to resign in July 1986. No determination has yet been made by the Commission on the merits of these allegations, and this decision does not address them. The scope of the matter before us is limited to a procedural question, concerning the extent of the Commission's authority to permit a complainant to amend a complaint for the purpose of changing the name of the party designated as the respondent.

Simchak filed her initial complaint in September 1986, naming an entity known as Vintage Realty, Inc. as respondent. In the body of her complaint, Simchak made various allegations of discriminatory treatment by "Respondent" and Gene Paul Percudani, whom she described as "the owner of the Respondent." (Complaint of 9/26/86, paragraph 6). On January 15, 1987, counsel for Vintage Realty, Inc. submitted to the Commission a motion to dismiss. This motion stated that there had been no employment relationship between Simchak and Vintage Realty, Inc. The motion also acknowledged that Simchak had been employed by an entity known as Vintage Homes, Inc., and noted that she had filed no claim against this second entity.

Several months passed during which the Commission attempted to obtain additional information regarding these two business entities. The record includes a letter to the Commission from counsel representing Vintage Realty, Inc.,[1] dated November 20, 1987, which was sent in response to Commission inquiries. In this letter, counsel claims that the two corporations are separate entities, although they

---

1. This same counsel also represents Vintage Homes, Inc. and Raintree Enterprises, Inc.

conduct business out of the same office; that the sole stockholder of Vintage Homes, Inc. is Gene Percudani; and that the sole stockholder of Vintage Realty, Inc. is Kathie Percudani. Attached to this letter is a document purporting to list the employees of Vintage Homes, Inc. Appearing on that list, along with Simchak's name, are the names "Gene Percudani" and "Kathy Percudani."

In an attempt to clear up any confusion, Simchak submitted to the Commission a copy of her employer's letterhead, and the business card she used while working there. (Attached to this memorandum opinion as Exhibit-1). These materials contain the names of both Vintage Realty, Inc. and Vintage Homes, Inc. These materials also indicate that both entities are divisions of a third entity named Raintree Enterprises, Inc.

Having received this information, Thomas L. McGill, Jr., Chairman of the Commission, issued the first of several interlocutory orders in this matter. In this order, dated April 13, 1988, McGill granted the motion to dismiss filed by Vintage Realty, Inc. However, McGill also gave Simchak leave to amend her complaint until May 6, 1988, to substitute Vintage Homes, Inc. as a replacement respondent.

Simchak filed an amended complaint in April 1988, in which she named *both* Vintage Homes, Inc. and Vintage Realty, Inc. as respondents, and in addition designated as a respondent "Raintree Enterprises." The body of this complaint appears to be identical in all other respects with her original complaint. Vintage Homes, Inc. now filed a motion to dismiss, alleging that Simchak had not commenced an action against Vintage Homes, Inc. within the time limits set forth in the Pennsylvania Human Relations Act (Act).[2]

McGill issued a second interlocutory order, dated January 26, 1989, in which he directed that Vintage Realty, Inc. be deleted as a respondent, in accordance with his previous

2. Act of December 27, 1965, P.L. 1225, *as amended,* 43 P.S. §§ 951–962.2. This time limitation, set forth in Section 9(g) of the Act, 43 P.S. § 959(g), was 90 days at the time Simchak filed her initial complaint, and was subsequently enlarged to 180 days.

order. McGill denied the motion to dismiss of Vintage Homes, Inc., and permitted this entity to be substituted as the respondent in Simchak's complaint. McGill also permitted Simchak to include Raintree Enterprises, Inc. as a respondent, and gave her leave to correct her complaint, if necessary, to reflect the proper or official name of this third entity.

Vintage Homes, Inc. then petitioned for reconsideration, alleging that the Commission had abused its discretion by extending the limitations period within which a complaint must be filed under the Act. McGill, in an order dated July 14, 1989, granted the motion for reconsideration, but denied the ultimate relief sought; namely, granting the motion to dismiss the complaint. A petition for modification, seeking to have the interlocutory order of January 26, 1989 certified for appeal, was denied in an order dated August 29, 1989.

In the meantime, Simchak filed another amended complaint in September 1989, in which she designated Vintage Homes, Inc. and Raintree Enterprises, Inc. as respondents. Again, the body of this amended complaint appears to be identical with that of her original complaint and previous amended complaint. These two entities then filed a motion to dismiss this latest amended complaint. This motion was also denied by McGill in an order dated December 14, 1989. These same entities then filed a petition requesting that McGill modify his December 14, 1989 order to certify it for appeal.

As a result, on January 29, 1990, McGill issued an order in which he amended his interlocutory order of December 14, 1989 to include the following findings:

    1. That the December 14, 1989 Order involves a controlling question of law as to which there is a substantial ground for difference of opinion; and

    2. That an immediate appeal from the Order may materially advance the ultimate termination of this matter.

Accordingly, Vintage Homes, Inc. filed with this Court a petition for permission to appeal, pursuant to Section 702(b)

of the Judicial Code, 42 Pa.C.S. § 702(b), and Pennsylvania Rule of Appellate Procedure 1311. By order dated March 23, 1990, this Court granted said petition, and allowed appeal from all of the interlocutory orders entered by the Commission in this matter.[3]

Having set forth this lengthy procedural background, we now turn to the issue at hand. Vintage Homes, Inc. (which we shall hereafter refer to as Petitioner) contends that the Commission effectively enlarged the time limitation within which a complainant must file a complaint with the Commission by permitting Simchak to amend her complaint twice to name as respondents parties who were not named in her initial complaint. Petitioner contends that the Commission is without authority to permit such amendments beyond the statutory limitations period prescribed by the Act.

Section 9 of the Act provides, in pertinent part:

(a) Any person claiming to be aggrieved by an alleged unlawful discriminatory practice may make, sign and file with the Commission a verified complaint, in writing, which shall state the name and address of the person, employer, labor organization or employment agency alleged to have committed the unlawful discriminatory practice complained of, and which shall set forth the particulars thereof and contain such other information as may be required by the Commission....

\* \* \* \* \* \*

(g) ... Any complaint filed pursuant to this section must be so filed within one hundred eighty days after the alleged act of discrimination....

43 P.S. § 959(a) and (g). Subsection (g) had, at the time Simchak filed her initial complaint in September 1986, provided for a 90 day limitation period. This was enlarged to the current 180 day time period in December 1986.

In our judgment, it was permissible for the Commission, given the circumstances presented in this case, to allow

3. The orders in question are the Commission's interlocutory orders of: April 13, 1988; January 26, 1989; July 14, 1989; August 29, 1989; December 14, 1989; and January 29, 1990.

Simchak to amend her complaint for the purpose of naming Vintage Homes, Inc. and Raintree Enterprises, Inc. as respondents. We arrive at our view by analogy to the situation presented in *Wright v. Eureka Tempered Copper Works*, 206 Pa. 274, 55 A. 978 (1903). In *Wright*, our Supreme Court gave guidance on the question of when amendment of a record to reflect the correct name of a party may be permitted, stating:

> A party whose name it is asked to amend must be in court. If the effect of the amendment will be to correct the name under which the right party was sued, it should be allowed; if its effect will be to bring a new party on the record, it should be refused after the running of the statute of limitations.

*Id.*, 206 Pa. at 276, 55 A. at 979. The Supreme Court reiterated this view in *Saracina v. Cotoia*, stating, "If the *right party* was in court as a result of the service of process and it was merely his or its designation which was sought to be changed, we would be prone to permit the amendment." 417 Pa. 80, 84, 208 A.2d 764, 766 (1965) (emphasis in original). *Accord Peaceman v. Tedesco*, 51 Pa.Commonwealth Ct. 544, 414 A.2d 1119 (1980). Applying this reasoning to the situation presented here, we are persuaded that Simchak's amended complaints merely had the effect of correcting the name of the party which she had brought within the jurisdiction of the Commission in her initial complaint of September 1986.

The initial complaint was served at the mailing address which Petitioner shares with Vintage Realty, Inc. and Raintree Enterprises, Inc. The allegations made against Petitioner are identical to those set forth in the initial complaint. Moreover, the initial complaint made specific allegations of discriminatory conduct against Gene Percudani, who, according to the information provided by Petitioner's counsel, is not only employed by Petitioner, but is its sole stockholder. These allegations, likewise, are identical to those made in the later amended complaints.

In short, the close relationship of these corporate entities leads us to conclude that the right party was brought within the Commission's jurisdiction by the initial complaint, but under the wrong corporate designation. For the Commission to permit amendment of Simchak's complaint under these circumstances did not result in an enlargement of the time limitation enacted by the legislature at Section 9(g) of the Act.

The legal authority on which Petitioner relies does not dissuade us from this view. Petitioner cites *Pennsylvania Human Relations Commission v. School District of Philadelphia*, 522 Pa. 436, 562 A.2d 313 (1989), and *Murphy v. Commonwealth*, 506 Pa. 549, 486 A.2d 388 (1985), as authority for its position. Both of these cases discuss the necessity of a verified complaint being filed within the time limitations of the Act in order to invoke the Commission's jurisdiction. However, there is no allegation made by Petitioner that Simchak's initial complaint had not been verified or timely filed. Therefore, the Commission's decision to permit Simchak to amend that initial complaint does not run contrary to the authorities cited by Petitioner. Moreover, we note that *School District of Philadelphia*, which Petitioner contends is dispositive of the matter before us, resulted in a 3–3 tie vote of the Court, and thus, cannot be controlling here.

We conclude that the act of permitting Simchak to amend her complaint with the Commission for the purpose of correcting the corporate name of the respondent did not have the effect of enlarging the time limitations set forth in the Act, nor did it run afoul of the provision of the Act requiring that a verified complaint must be filed, so far as the the existing record indicates. Therefore, we affirm the interlocutory orders of the Commission, dismissing Petitioner's motions to dismiss Simchak's complaint, and remand this matter to the Commission for further proceedings.

Jurisdiction is relinquished.

## ORDER

AND NOW, October 25, 1990, the interlocutory orders of the Pennsylvania Human Relations Commission entered in the above-captioned matter are hereby affirmed.

We direct that this matter be remanded for further proceedings. Jurisdiction is relinquished.

EXHIBIT 1

DIVISIONS OF
**Raintree Enterprises Incorporated**
MT POCONO OFFICE PARK/ROUTE 940/MT POCONO PA 18344
717 839 8821/839 8822

DIVISIONS OF
**Raintree Enterprises Incorporated**
MT POCONO OFFICE PARK/ROUTE 940/MT POCONO, PA 18344
717-839-8821/839-8822

Ms. Jean E. Simchak
*Manager*