**Trace v. Slack Shack**

*Joseph J. Dixon,* for plaintiff.
*Jeffrey D. Wright,* for defendant.

FARINA, *J.,* April 3, 1992—Before the court is the motion of plaintiff to amend her complaint to change the name of the defendant from the Slack Shack to Rock Bottom. Defendant objects that permitting the change would be to substitute a new party after the statute of limitations has expired.

Just before expiration of the statute of limitations plaintiff in this slip and fall case, filed suit by writ naming as defendant the "Slack Shack." The sheriff served the writ upon Shirley J. Hinkle Inc., a Pennsylvania corporation that operates a number of retail clothing stores, at least one of which operates under the fictitious name "Slack Shack" and another under the fictitious name "Rock Bottom." The Rock Bottom, located at the Lancaster Outlet Mall, is the place where the accident underlying plaintiff's claim allegedly occurred. The Slack Shack and the Rock Bottom are merely fictitious names under which Shirley J. Hinkle Inc. trades and are not legal entities separate and distinct from Shirley J. Hinkle Inc. It is clear to us that Shirley J. Hinkle Inc. was aware of plaintiff's claim, having involved its insurance carrier to adjust the claim prior to suit having been instituted.

Contrary to defendant's contention, we do not view plaintiff's attempt to amend her complaint as the substitution of a new party. Here the correct legal entity was served, namely, Shirley J. Hinkle Inc., it is just the fictitious name under which Shirley J. Hinkle Inc. operated the store in question that is erroneous. However, the fictitious name under which Shirley J. Hinkle Inc. was sued and served is in fact another fictitious name under which Shirley J. Hinkle Inc. operates. Shirley J. Hinkle Inc. is also the Rock Bottom, the correct fictitious name of the store where the accident occurred. In changing from the fictitious name Slack Shack to Rock Bottom the legal entity does not change, it remains Shirley J. Hinkle Inc., the party actually served. Permitting amendment here does nothing more than to correct the name under which the proper party was sued. See *Wright v. Eureka Tempered Copper Co.,* 206 Pa. 274, 55 A. 978

(1903), cited and followed in *Peaceman v. Tedesco,* 51 Pa. Commw. 544, 414 A.2d 1119 (1980).

Accordingly, we enter the following

ORDER

And now, April 3, 1992, plaintiff's motion to amend complaint is granted.