# Galloway v. Consolidated Natural Gas Co.

C.P. of Allegheny County, no. GD 94-18006.

*James B. Cole,* for plaintiff.
*Stanley J. Parker,* for defendant.

STRASSBURGER, *J.,* July 7, 2000—On October 27, 1992, plaintiff, Gary Galloway, while acting in the course of his employment with Latex Construction Company, was injured when the sideboom he was operating tipped over. At the time, Latex was laying a pipeline under a contract with CNG Transmission Corporation. (Def. mot. for sum. judg., app., ex. 1A.)

On October 27, 1994, plaintiff instituted this action by filing a praecipe for a writ of summons naming Consolidated Natural Gas Company, CNG Energy Company and CNG Gas Services Corporation. The praecipe was served upon the named defendants on October 31, 1994.

On October 16, 1996, plaintiff filed his complaint naming CNG, CNG Energy and CNG Gas as defendants. The gravamen of the two-count complaint was that the defendants were liable because (a) the contract with Latex presented a peculiar risk of physical harm to persons such as plaintiff unless special precautions were taken (Count I), and/or (b) defendants retained control of the job site (Count II). The complaint was served on November 22, 1996. After reviewing the complaint, defendants' counsel, in March 1997, produced to plaintiff's counsel a contract between Latex and CNG Transmission that showed that plaintiff was working on a project undertaken on behalf of CNG Transmission. CNG, CNG Energy and CNG Gas were not parties to that contract.

CNG Transmission Corporation was not named in, or served with, the praecipe for a writ of summons or the complaint. On December 6, 1999, more than seven years

after his injury and more than two years after he was in receipt of the contract that showed CNG Transmission to be the entity with which his employer had contracted, plaintiff presented a motion to amend his complaint to name CNG Transmission as a defendant. I granted plaintiff's motion to amend his complaint to name CNG Transmission Corporation as a defendant in this action.[1] The amended complaint added CNG Transmission in Counts I and II as a party contracting with Latex, and added a Count III which alleged that CNG Transmission was acting as an agent for CNG.

Also on December 6, 1999, I granted defendants' motion for leave to file a motion for summary judgment. On December 16, 1999, I denied defendants' motion for summary judgment, but struck Count III of plaintiff's amended complaint which had raised the agency theory.

Defendants filed a motion to reconsider my denial of their motion for summary judgment. On January 4, 2000, I granted defendants' motion for reconsideration and continued the case to permit discovery. Subsequently, by orders dated April 18, 2000 and amended April 24, 2000, I granted summary judgment in favor of all of the defendants; summary judgment was appropriate because the record demonstrated no genuine issues of material fact disentitling defendants to judgment as a matter of law, Pa.R.C.P. 1035.2; *Carns v. Yingling,* 406 Pa. Super.

---

1. My ruling was erroneous. An amendment adding a new party or a new cause of action after the statute of limitations has run should not be allowed. *Wright v. Eureka Tempered Copper Co.,* 206 Pa. 274, 276, 55 A. 978 (1903); *Romah v. Hygenic Sanitation Co.,* 705 A.2d 841, 858 (Pa. Super. 1997). The ultimate granting of defendants' motion for summary judgment accomplished the same result as denial of the motion to amend would have.

279, 282, 594 A.2d 337, 339 (1991). Plaintiff filed a timely notice of appeal.

At this court's direction, plaintiff has filed a statement of matters complained of on appeal. Rephrasing and reordering the plaintiff's contentions, he argues that I erred:

"(a) in granting summary judgment on the basis that the work plaintiff was performing did not present a peculiar risk of harm requiring special precautions;

"(b) in dismissing Count III of the amended complaint, which count asserted that CNG should be vicariously liable for the actions of its agent CNG Transmission; and,

"(c) in granting summary judgment as to Counts I and II on the basis that the statute of limitations had run. When suit was filed against CNG, it was a suit against the right party (CNG Transmission), but simply under the wrong designation (CNG)."

The first allegation of error can be disposed of quickly. While some of the questioning during oral argument may have revealed a certain skepticism on my part as to plaintiff's theories regarding both peculiar risk of harm and control of the job site, I felt that factual issues prevented the granting of summary judgment on either of those bases. Rather, summary judgment was based solely on the statute of limitations.

With regard to the second allegation of error, the striking of Count III, the agency theory, plaintiff sought to file his amended complaint raising the cause of action on December 6, 1999, more than seven years after the accident. The statute of limitations for this tort case is two years, 42 Pa.C.S. §5524, and thus the amendment attempting to insert this new cause of action was properly stricken.

Finally, plaintiff contends that he actually sued CNG Transmission, the proper party, under an improper designation since he served the praecipe and the complaint at a place where CNG Transmission has regular activities as evidenced by the following: (1) CNG's subsidiaries are often referred to simply as CNG; (2) CNG Transmission could be served at 625 Liberty Avenue, Pittsburgh, PA, c/o Consolidated Natural Gas Company; (3) CNG and CNG Transmission have inter-company mail and telephone systems; and, (4) sometimes CNG Transmission employees worked at the CNG offices. Assuming these facts as true, plaintiff's argument missed the mark. The issue here was not whether CNG Transmission could be served at 625 Liberty Avenue. *Rather, it was whether CNG Transmission was served with notice of this case at all.* Naming three CNG entities is not tantamount to naming a fourth, independently registered, CNG entity.

Plaintiff argued that *Wright v. Eureka Tempered Copper Co.,* 206 Pa. 274, 276, 55 A. 978 (1903), is consistent with his position. In *Wright,* an employee of Eureka Tempered Copper Works filed an action against his employer but erroneously named the defendant as Eureka Tempered Copper Company. Eureka Tempered Copper Company was an inactive corporation that was succeeded, at the same location, by Eureka Tempered Copper Works. *Wright,* 206 Pa. at 275. Plaintiff served his complaint upon the manager of Eureka Tempered Copper Works three days before the statute of limitations expired. *Wright,* 206 Pa. at 275-76. A few days after the statute of limitations period had expired, plaintiff's counsel realized that the wrong name was on the writ and promptly petitioned the court for a rule to show cause

why the caption should not be amended. *Wright,* 206 Pa. at 276.

Reviewing the trial court's denial of the petition to amend, the Pennsylvania Supreme Court determined that on those facts the amendment should have been allowed. *Id.* The court reasoned that since the parties had known that Eureka Tempered Copper Company was inactive and succeeded by Eureka Tempered Copper Works, it was clear that the plaintiff intended to name Eureka Tempered Copper Works. *Id.* Furthermore, the court found that the right party was, indeed, served and in court, albeit under the wrong name. *Id.*

This case is different. Here, the evidence shows that CNG and CNG Transmission are both active corporations, registered independently with the State of Delaware.[2] (Def mot. for sum. judg., app., ex. 5.) CNG Transmission was not a successor to any of the named defendants. Service was accepted on behalf of the originally named defendants and those defendants, not CNG Transmission, were in court.

Furthermore, in *Wright,* the plaintiff's counsel immediately recognized and corrected his error. *Wright,* 206 Pa. at 276. Here, on the other hand, Galloway's counsel was informed of the error but still waited over two years to seek leave to amend his complaint to add CNG Transmission as a party. Therefore, even if the law were that the statute of limitations would run from the date

---

2. CNG Gas Services Corporation changed its name to CNG Energy Services Corporation on August 30, 1994, the successor being an active corporation at the time the praecipe was served. (Def. mot. for sum. judg., app., ex. 5.)

plaintiff's counsel learned of his mistake, he still missed the two-year statute of limitations period.

In this case, plaintiff sued the wrong parties. Service upon those parties was not sufficient as to CNG Transmission. Plaintiff did not name CNG Transmission until well after the statute of limitations had expired. Therefore, plaintiff's claim against CNG Transmission was barred.

